### VOIGHTMANN et al. v. PERKINSON et al.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1905.)

1. PATENTS—PATENTABLE INVENTION.

A conception alone, although first in time, is not patentable, but must be accompanied by mechanical embodiment, which, to make the invention patentable, must itself be unanticipated.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 72.]

2. SAME—FIREPROOF WINDOWS.

The Voightmann patent, No. 600,186, for a fireproof window, is void for lack of patentable invention; being for an aggregation of old elements, each of which performs its old function to produce the old result.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

For opinion below, see 133 Fed. 934.

The bill is to restrain infringement of letters patent No. 600,186, issued March 8th, 1898, to Frank Voightmann, for a new and useful improvement in fire proof windows. The bill was dismissed by the Circuit Court for want of equity, and from the decree of dismissal the appeal is prosecuted.

Other patents cited on the hearing were as follows:

No. 188,375, March 13, 1877, J. Kelly.
No. 246,410, Aug. 30, 1881, T. J. Morgan.
No. 277,478, May 15, 1883, F. Grinnell.
No. 483,020, Sept. 20, 1892, F. Shuman.
No. 483,021, Sept. 20, 1892, F. Shuman.
No. 535,035, March 5, 1895, E. Walsh, Jr.
No. 535,512, Feb. 5, 1895, E. Walsh, Jr.
No. 563,394, July 7, 1896, H. T. Moody.
No. 753,665, March 1, 1904, H. E. Brown.
The further facts are stated in the opinion.

Charles K. Offield and Albert H. Graves, for appellants.

James H. Perkinson, for appellees.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. The fire proof window described in appellants' patent is one made of wire glass, or other fire proof glass, set in a metal frame, which, in turn, is set into a metal casement, the window being so hinged above its center, that when let at rest, it falls automatically into its place in the casement. In this state, and without further accessories, the window, admittedly, existed in the prior art.

Voightmann's patent contemplates that the window should not always be kept closed, but on occasion should be kept open; and he accomplishes this by a cord or chain attached at one end to the upper end of the window, and at the other to a hook below the window; in which chain is inserted a fusible link so placed that in case of fire, while the window is open, the link would be exposed to the outside temperature; and, melting on exposure, would part, leaving the window to fall into its casement, thereby presenting, with the surrounding wall, a solid fire wall.

Admittedly a window so hinged that it is kept open by a cord or chain attached to its upper edge, and falling when the cord or chain is severed, is old. The fusible link also is old. A fusible link, so placed that it would melt under heat coming from a chamber outside its own chamber, is old. Such a link was employed to open and close elevator sky lights, and in other connections in the previous art.

It is possible that Voightmann was the first to conceive that windows thus constructed would be a valuable adjunct to fire proof buildings. If so, it is the previousness of his conception that constitutes the merit of his so-called invention; for the mechanical embodiment of that conception is old. But it does not follow that a conception is patentable merely because it is first in time. Concept, alone, is not patentable. Concept must be accompanied by mechanical embodiment; and, as the law now stands, the mechanical embodiment, to make the invention patentable, must itself be unanticipated.

Now in Voightmann's patent, every mechanical element described is found to have pre-existed; to have pre-existed in the form utilized by Voightmann; to have pre-existed performing the functions performed in Voightmann's device; and performing those functions to the same result. Voightmann possibly has pointed out to the world a wider use of the pre-existing art than was before known. But the discovery of an enlarged use is not, of itself, patentable invention.

The decree of the Circuit Court is affirmed