### WESTRUMITE CO. OF AMERICA v. COMMISSIONERS OF LINCOLN PARK.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1909. Petition for Rehearing Overruled November 20, 1909.)

No. 1,569.

PATENTS (§ 328*)—INVENTION—METHOD OF SPRINKLING STREETS.

The Van Westrum patent, No. 752,487, for a method of sprinkling streets by the use of a mixture or solution of oil and water, is not void on its face because it uses the term "solution" where "emulsion" may be the correct chemical term; but its validity is a question to be determined by proof.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Westrumite Company of America against the Commissioners of Lincoln Park. From a decree (164 Fed. 989) on demurrer, dismissing the bill, complainant appeals. Reversed.

Appellant, as owner of patent No. 752,487, February 16, 1904, to Van Westrum, sought to have appellee enjoined from continuing an alleged infringement.

The description and claims are as follows:

"The ordinary system of sprinkling streets with water for the purpose of laying the dust has the disadvantage that in hot weather the water very rapidly evaporates, so that the sprinkling operation must be frequently repeated, whereby a very large quantity of water is used.

"Attempts have been made to employ crude petroleum instead of water, as the former evaporates much slower than water, and therefore renders such frequent sprinkling unnecessary. One of the great disadvantages of petroleum, however, is that it possesses a disagreeable odor, and, further, should it get upon the clothing of passers-by, greasy spots are formed which are extremely difficult to remove.

"According to my invention I make use of the fact that oily substances evaporate very slowly, but at the same time I avoid the inconvenience above referred to.

"My invention consists of a new and improved method of utilizing the granulated dust or particles evolved from the surface of the streets and roadbeds by the constant wear and tear caused by travel of animals, vehicles, and the action of the elements, first, by saturating the said granulated particles with a mixture of oily substance, permeating them through and through, causing the same to become intimately mixed with said oily substance, which is preferably composed of oil and water in such proportions as will be hereinafter described; secondly, in sprinkling roadbeds, streets, and the like with an oily substance in such manner that the dust particles become united with a homogeneous mass, binding the particles together to form a coating or top dressing for the roadbed or street, causing said dust to adhere to the solid surface of said bed or street, and thus preventing the diffusion of the said dust by the wind, to the discomfiture, and annoyance of pedestrians and to the injury to houses and articles generally.

"For the purpose of my invention, in using a soluble sprinkling liquid I employ oily substances, such as petroleum, petroleum residue, or other suitable mineral or tar oils rendered soluble in water by any known process; these compounds being previously prepared so as to readily mix in solution with a larger volume of water. The proportion I prefer is about from ten to twenty parts of prepared oil to eighty or ninety parts of water, according to the depth of dust or sand to be laid, saturated, and unified, so that a substantial coating will be formed on the surface of the roadbed or street, whereby the surfaces of said streets or roadbeds are greatly benefited and preserved and the diffusion and scattering of dust largely prevented. This sprinkling medium has the advantage that by reason of the addition of oily substances it evaporates considerably less rapidly than pure water, while, owing to the oily substances being dissolved in the water, it does not leave spots on the clothing of persons which are difficult to remove. Spots made on wearing apparel by this new sprinkling liquid can be readily removed by the application of plain water. Furthermore, I can apply my sprinkling medium at an ordinary temperature and without pressure, by using the common watering car or the like, which is not possible by using for the same purpose crude petroleum or tar, as the latter must be applied on roadbeds in a hot condition and by using pressure, because cold mineral oils or tar do not get mixed with sand, dust, and the like, but form with it globules, which are mutually repulsed, and do not form at all a binding medium for dry or moist sand, dust, and the like. Rain does not impair the roadbeds at all after having been treated by my method, as the rain water is absorbed at once by the oil on the roadbed, out of which the former water has been more or less evaporated, so that rain, in fact, revives the binding effect on the dust particles and largely serves the purpose of a fresh sprinkling of the solution. Besides, the said soluble oily substance can be dissolved in water to any desired extent, and, as but a small quantity of same is

needed, my improved method is very cheap and economical. Finally, my improved sprinkling medium diffuses much easier than petroleum in the road surfaces covered with dust particles, and binds permanently the stones, sand, dust, and earthly material or the like forming the roadbed.

"It will be evident that piles of dust, sand, coal, and other comminuted particles capable of being blown off may be treated with the sprinkling solution, which forms a crust on the surface of the heap or pile, and thus prevents their scattering.

"Having thus described my invention, what I claim is:

"1. The method of utilizing the granulated portions of roadbeds or streets by forming them into a top dressing or coating, by first mechanically or chemically mixing in predetermined proportions oil and water, then sprinkling or spreading the said mixture over the said loose granulated substance or dust and permeating the same, thereby unifying them and forming a concrete mass, which adheres to the solid surface of the street or roadbed, thus preventing the diffusion of dust and forming the said top dressing.

"2. The method herein described of first taking say ten parts of oil, then ninety parts of water, then mixing the same in a solution, then distributing the mixture over a surface of granulated substance, by which the granules are united in a thin stratum, whereby their diffusion or scattering is prevented.

"3. The method herein described of improving the surface of roadbeds and utilizing the loose granulated particles thereon, by sprinkling or coating them with a mixture of oily substances composed of predetermined proportions of oil and water, whereby the said substances are caked or mixed to form a coating for the purpose specified.

"4. The method of utilizing the granulated portions of roadbeds or streets known as dust and forming it into a top dressing, by permeating it with an oily substance consisting of oil and water previously and intimately mixed, whereby the said granulated particles are unified with oil and water and form a concrete mass, in the manner and for the purposes specified.

"5. The method herein described of saturating scattered dust and mixing the same with a mixture of oil and water in the proportions specified in such a manner that said dust is made to adhere to its bed, substantially as described."

Among other averments the bill contained the following: "Your orator further avers and shows unto your honors that, prior to the said invention of said Van Westrum, it was known to those skilled in the art to which the said invention pertains that oil and water could be so intimately and permanently mixed as to hold the oil practically in solution in the water, so that said mixture was to all intents and purposes a solution, and that the patent to Weygang, No. 575,189, dated January 12, 1897, discloses such knowledge; a copy of said patent being attached hereto and marked 'Exhibit B.'"

Appellee demurred on the following grounds:

"(1) That it appears from said amended bill, and particularly from the copy of the patent attached thereto, that the said patent is invalid, for the reason that it does not describe or claim any patentable invention, in view of the prior state of the art within common knowledge, and of which the court will take judicial notice.

"(2) That it appears from said amended bill, and particularly from the copy of the patent attached thereto, that the said patent is invalid, for the reason that it does not describe or claim any patentable invention, in view of the admissions and disclosures contained on the face of said patent as to the prior state of the art.

"(3) That it appears from said amended bill, and particularly from the copy of the patent attached thereto, that the said patent is invalid, for the reason that it appears from the face of said patent and said amended bill of complaint that the description contained in said patent of the alleged invention is defective and misleading, in view of the prior and present state of the art within common knowledge, and of which the court will take judicial notice."

The court sustained the demurrer, and, on appellant's declining to amend, dismissed the bill for want of equity.

Walter H. Chamberlin, for appellant.
William R. Rummler, for appellee.

Before GROSSCUP and BAKER, Circuit Judges, and ANDERSON, District Judge.

BAKER, Circuit Judge (after stating the facts as above). It is argued that the specification is fatally misleading, because it speaks of "a soluble sprinkling liquid," made up of water and "petroleum, petroleum residue, or other suitable mineral or tar oils rendered soluble in water by any known process." Though "emulsion," and not "solution," be the correct word within the terminology of chemistry, that does not prove that persons skilled in the construction and care of roads would fail to understand that a possible, rather than an impossible, mixture was intended. Prior to the alleged invention in suit, so the bill avers, there was a known mixture of oil and water which "was to all intents and purposes a solution." Until evidence to the contrary is adduced, the presumption should be indulged, in support of the patent, that persons skilled in the art would understand that Van Westrum was referring to such a "solution" as that set forth in the bill, rather than that he was perpetrating a chemical hoax.

Another objection is that the specification is so vague and indefinite that no one could learn from it how to practice the alleged invention. The preferred proportions are stated, and if that is not a sufficient direction to those "skilled in the art or science to which the invention appertains, or with which it is most nearly connected," the deficiency will have to be established by evidence.

Want of invention is predicated on the state of the art, first, within common knowledge, and, second, as admitted by the bill and patent. In the briefs and arguments the two grounds become one. It was admittedly old to sprinkle roads with water; likewise, with oil. Therefore, so the contention runs, no invention was required to sprinkle roads with a mixture of oil and water. Possibly not—especially if each element accomplished only what it had before. But if water alone had no permanent effect in roadmaking, if oil alone did not permeate the body of the dust and form a homogeneous mass, and if, in the mixture of the patent, the water carries minute particles of oil down into the body of the dust, thereby binding the dust particles into a top dressing that adheres to the roadbed, a new result may have been obtained, of such high utility, and so long and diligently sought, that no doubt could be entertained of the quality of the productive act. In brief, if the patent in suit is to be overthrown, it is on facts not ascertainable on demurrer to the bill.

The decree is reversed, with the direction to overrule the demurrer.