VOIGTMANN et al. v. SEELY et al.

(Circuit Court, S. D. New York. December 22, 1909.)

No. 600,186.

PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—DEMURRER TO BILL.

Where the question of the validity of a patent involves an examination of the prior art or of prior patents, it cannot be declared void on demurrer to a bill for its infringement; nor is it ground for demurrer that the patent has been adjudged void in other jurisdictions in suits against different defendants.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

In Equity. Suit by Frank Voigtmann and another against Frank Seely and others. On demurrer to bill. Overruled.

Offield, Towle, Graves & Offield (C. K. Offield and Philip B. Adams, of counsel), for complainants.

Phillips & Avery (R. H. E. Starr, of counsel), for defendants.

HOLT, District Judge. This is a demurrer interposed by the defendants to a plea in equity brought to restrain the infringement of a patent. Similar suits against other defendants, on the same patent, were brought in the Circuit Courts in the Seventh and Eighth circuits, and on final hearing the court decided in favor of the defendants, on the ground that the claims of the patent sued on were void for lack of invention, and as being mere aggregations. Both these decisions were affirmed on appeal by the Circuit Courts of Appeal. 133 Fed. 298; 133 Fed. 934; 138 Fed. 56, 70 C. C. A. 182; 148 Fed. 848, 78 C. C. A. 538. The patentee thereupon filed a disclaimer, disclaiming a portion of the specifications and the first four claims, and thereafter brought this suit on the patent as disclaimed. The defendants have demurred; the ground of demurrer being, as I understand it, that the disclaimer has made no substantial change in the patent, and that the patent in its present form is void for want of invention.

I think the disclaimer has made no substantial change in the alleged invention. The cases in the Seventh and Eighth circuits were both brought on claims 5, 6, and 7, and those are the claims upon which this suit is brought. But I cannot see how the fact that a disclaimer has been filed makes the complaint demurrable. Undoubtedly, if a patent is manifestly invalid upon its face, the question of such validity

may be raised by a demurrer to the bill. Richards v. Chase Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991. But the cases in which such a demurrer will lie are very unusual. They are cases where the alleged invention is something so obviously incapable of being considered an invention that a demurrer will lie. When the question whether any invention has taken place involves an examination of the prior art, or of prior patents, no demurrer will lie. I think that is the case here. It is true that, in two litigations in which evidence was taken, the Circuit Court in another circuit has held, on final hearing, upon an investigation of the evidence, that the patent discloses no invention and consists of mere aggregations; but any patentee has the right to bring a suit in another circuit against alleged infringers, and prior decisions in other circuits are not necessarily decisive. Mast & Co. v. Stover Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856. In actual practice, of course, great weight is usually given to a previous decision on the merits on the same patent; but, as the litigation is not between the same parties, a previous decision is not res adjudicata, and if any different evidence is produced, and, indeed, if only the same evidence is produced, no court is bound to follow a previous decision by another co-ordinate court.

My conclusion, therefore, is that the demurrer should be overruled, with leave to the defendants to answer within 20 days on payment of costs.