## ALEXANDER v. DE MOULIN BROS. & CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1912.
Rehearing Denied May 7, 1912.)

No. 1,803.

PATENTS (§ 328*)—INVENTION—INITIATION APPARATUS.

The De Moulin patent No. 555,499, for an initiation apparatus for secret societies, is a mere aggregation of old and well-known devices, each operating separately to produce its own independent result, and is void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Southern Division of the Southern District of Illinois.

Suit in equity by De Moulin Bros. & Co. against Lewis E. Alexander. Decree for complainants, and defendant appeals. Reversed.

Fred L. Chappell, of Kalamazoo, Mich., for appellant.

Fritz & Hoiles (C. A. Snow & Co., C. E. Doyle, William Crichton Clarke, Albert Salzenstein, of Springfield, Ill., and F. W. Fritz, of counsel), for appellees.

Before BAKER and SEAMAN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge. This is an appeal from a decree awarding an injunction and an accounting of profits and damages for infringement of claims 1, 2, and 6 of letters patent No. 555,499, March 3, 1896, to De Moulin, for initiation apparatus for secret societies. Claims 1, 2, and 6 are as follows:

"1. In an apparatus of the class described, the combination of a stand in the form of an open box, a platform arranged within the stand, located at and closing the top thereof, and adapted, when unsupported, to fall precipitately to the bottom of the stand, locking devices for rigidly supporting the platform at the top of the stand, alarm mechanism automatically operated by the falling of the platform and adapted to startle a candidate, and means for tripping the platform, substantially as described.

"2. An apparatus of the class described, comprising a stand, a platform arranged within the top of the stand, and adapted, when unsupported, to fall to the floor, means for rigidly supporting the platform at the top of the stand and for tripping the same by hand, and a flexible covering concealing the platform and projecting beyond the edges thereof, substantially as and for the purpose described."

"6. The combination of a stand, a platform arranged to fall within the stand, means for rigidly supporting and for tripping the platform by hand, a bell, a bell-hammer mechanism for actuating the bell-hammer, and a lever connected with the actuating mechanism and holding the same normally out of operation and arranged to be engaged by the platform in falling, whereby the actuating mechanism is released, substantially as and for the purpose described."

Appellee's expert, Wolhaupter, says of these claims:

"I find that said claim 1 of the patent in suit is not limited to any particular construction of locking devices for rigidly supporting the platform at the top of the stand, nor to any particular kind of alarm mechanism, nor to any particular kind of means for tripping the platform. Hence any construction of locking devices capable of rigidly supporting the platform at the top of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the stand, any construction of alarm mechanism, automatically operated by the falling of the platform, and any kind of means for tripping the platform, would respond to the construction called for and specified in said claim 1. * * * I find that the above-recited claim 2 of the patent in suit is not limited to any particular construction of the means for rigidly supporting the platform at the top of the stand, but specifies that the tripping of these means is 'by hand.' Aside from this, claim 2 of the patent in suit introduces into the combination the additional feature of a flexible covering arranged to conceal the platform. * * * While the above-recited claim 6 of the patent in suit is not limited by any description of the means for rigidly supporting and for tripping the platform by hand, it does describe and call for an alarm mechanism, including a bell, a bell-hammer mechanism for actuating the bell-hammer, and a lever connected with the actuating mechanism and holding the same normally out of operation, and arranged to be engaged by the platform in falling, whereby the actuating mechanism is released."

Appellee in his brief says:

"The device covered by the patent in suit has become known to the trade as a 'Traitor's Judgment Stand.' It consists of a stand in the form of a box with an open top, one end of the box being provided with a step to enable an initiate of a secret society to step onto the judgment stand. The open top of the stand or box is normally closed by a platform, which is rigidly supported by means of any suitable form of locking devices. The locking devices are arranged to be tripped by some one near the stand, and the platform then drops through the stand to the floor, a distance of about one foot or eighteen inches, with the initiate standing thereon. The falling of the platform is accompanied by alarming noises, such as the explosion of a blank cartridge and the ringing of a bell. In the patent in suit, the falling of the platform, due to the release of the locking devices for the platform, serves to explode the blank cartridge, and the platform in falling brushes past an arm which starts the ringing of a spring-operated alarm bell. The drop platform of the judgment stand in the patent has a carpet secured thereto, the carpet being larger than the platform, so as to project beyond the edges thereof and cover the upper edges of the stand, as well as the platform."

And further:

"An examination of the so-called prior art, as cited by the Patent Office when the application was pending, and as developed by the defendant in this suit, and as hereinafter fully discussed, shows that the device of the patent in suit was a *fundamental* or *pioneer* invention. The De Moulin traitor's judgment stand was not an improvement on some other judgment stand or initiation device. It was the *first* traitor's judgment stand. The patentees did not put better locking devices on an old judgment stand, or provide a flexible covering for a stand which had no covering, or add alarm devices to an old construction of judgment stand. There was nothing in the prior art to suggest even the *idea* of the judgment stand. The patentees, therefore, had no assistance from the prior art either in *conceiving* or *developing* their invention. They first had to evolve the broad idea of an initiation device provided with a drop platform, alarm devices, and means for concealing the character of the apparatus, and then devise and develop means for embodying that idea in a practical and operative structure. The patentees made no claim that they were the first inventors of an alarm bell, by itself, or a cartridge holder, or a platform, or a carpet, or a box; but they did claim that they were the first to conceive *the idea* of assembling these devices in the form of an initation device or amusement apparatus, and the first to embody that idea in a practical and operative structure."

Thus it appears from the claims themselves, from the testimony of appellee's expert, and from the statements of appellee's counsel in his brief, that the idea for which novelty or invention is claimed is the idea of assembling together, in the form of an initiation device,

a number of devices, each of which was old. The claims are not limited to any particular forms of these devices—any form will do. It is only necessary, in order that they respond to the claims, that they be the familiar and well-known forms of the device; i. e., a platform with a trap floor held in place, a tripping device, a device for firing a cartridge, when operated by the falling of the platform, and a device for ringing a bell, when operated by the same means.

In our judgment, this was a *mere* assembling of these devices—a *mere* aggregation—and did not involve invention. There was no new result reached by this assembling of devices. Each device produced its own independent result. The attendant pulled the trigger, and the trap fell. As the trap fell, it operated (by well-known and familiar means) alarming devices.

These several devices do not act together, and, thus acting, produce a new result, or an old result in a new way. Each acts in the old way, and each produces the old result. If to produce for the first time the platform, concealed with a covering and provided with a trigger to drop the candidate, involved invention, and if to produce for the first time the operating mechanisms which cause the noises to startle him likewise involved invention, it cannot be invention to collect these things in a device which shall both drop and startle him. The device for dropping him and the mechanisms to startle him, each being old, the patentee did nothing but assemble them in what he calls a judgment stand.

The claims should have been held invalid for want of patentable novelty.

Cause reversed, with directions to dismiss the bill.