### VOIGTMANN et al. v. SEELY et al.

(Circuit Court of Appeals, Second Circuit. May 29, 1912.)

No. 155.

1. PATENTS (§ 328*)—INVENTION—FIREPROOF WINDOW.

   The Voigtmann patent, No. 600,186, for a fireproof window, is void for lack of patentable invention, in view of the prior art.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Costs (§ 68*)—Half Costs—Grounds.

> Where the prevailing party flagrantly violated the rules of evidence by requiring the examiner to copy into the record evidence which was obviously incompetent and in other ways, he will not be allowed in full the costs to which he would otherwise be entitled.

> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 287–289; Dec. Dig. § 68.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Frank Voigtmann and Silas H. Pomeroy against Frank Seely and another. Decree for defendants, and complainants appeal. Affirmed.

Offield, Graves, Towle & Offield and Philip B. Adams (C. K. Offield and A. H. Graves, of counsel), for appellants.

John G. Elliott, for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. [1] This is an appeal from a decree of the Circuit (now District) Court dismissing the bill upon United States letters patent to the complainants No. 600,168, dated March 8, 1898, for a new and useful improvement in fireproof windows. The claims relied on are:

"5. In a fireproof window, the herein-described automatically-closing sash, consisting of the combination of the fireproof casing A, the fireproof sash L, pivoted therein, the destructible retaining device M, N, by which said sash is held open; all substantially as shown and described.

"6. In a fireproof window, the herein-described automatically-closing sash, consisting of the combination of the fireproof casing A, the fireproof sash L, pivoted therein, the retaining-chain M, having the fusible link N therein; all substantially as shown and described.

"7. In a fireproof window, the herein-described automatically-closing sash, consisting of the combination of the fireproof casing A, the fireproof sash L, pivoted therein at a pivot P above its middle, the retaining-chain M, having the fusible link N therein at a point opposite the opening; all substantially as shown and described."

The purpose of the invention was to retard fire from getting out of or into a building through windows open for ventilation. This is accomplished by inserting a fusible link in a chain or retaining device which holds a fireproof window, pivoted above its center, open. When the heat reaches it, the link melts and the window closes automatically. Every element composing the combination was old, and the novelty, if any, lay in the use of the fusible link. But this had been used as far back as 1890 in the Pabst Theater at Milwaukee, Wis., to open a pivoted skylight over the stage, and was also covered by United States letters patent, to Ashcroft, dated July 24, 1888, for improvements in safety covers for elevator wells, hatchways, and other roof openings. It is true that the object in both these cases was exactly the opposite to the patent, viz., to let the flame and heat out of the building. But the elements are the same, except that the skylight or cover is pivoted below, instead of above,

the center. We do not think it involved anything more than mechanical skill to change the arrangement from one opening to one closing a window. The Circuit Court of Appeals for the Seventh Circuit, in Voigtmann v. Perkinson, 138 Fed. 56, 70 C. C. A. 482, and for the Eighth Circuit, in Voigtmann v. Weis-Ridge Cornice Co., 148 Fed. 848. 78 C. C. A. 538, have so held. Unless we felt that these adjudications were clearly wrong, it would be our duty out of comity to follow them.

[2] The defendant, against the objection and protest of the complainant, required the examiner to copy into the record the depositions of four witnesses actually being examined which had been taken in another suit by the complainants on the same patent against other defendants. These depositions were also referred to by the defendant in the examination and cross-examination of other witnesses. The defendant against the complainant's protest examined witnesses as to conversations with one Hayes, then deceased, in respect to an anticipating structure made by him and incorporated in the record letters from him to third persons on the same subject. Hayes had himself been examined as a witness for defendants in a previous case and had not mentioned this anticipating structure at all. Apart from the obvious incompetency of such evidence, we may say that, as he was a prolific inventor of safety fire devices, it is difficult for us to believe that, when being examined as a witness against the complainant's invention, he should have forgotten that he had himself anticipated it. The decree is affirmed with costs of this court, but with only half costs of the Circuit Court, to the defendants.

NOYES, Circuit Judge. I concur in the conclusion reached by Judge WARD, because I think the case a doubtful one in which it is appropriate that this court should follow the decisions of the coordinate tribunals of the Seventh and Eighth circuits. Mast Foos & Company v. Stover Manufacturing Company, 177 U. S. 485, 488, 20 Sup. Ct. 708, 44 L. Ed. 856.