## DOELGER v. GERMAN–AMERICAN FILTER CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. March 10, 1913.)

No. 62.

1. PATENTS (§ 327*)—SUITS FOR INFRINGEMENT—STARE DECISIS.

Where a patent has been the subject of extensive and hard-fought litigation, and has been uniformly sustained, another court should follow such decisions on substantially the same evidence, unless clearly of a different opinion.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FILTERING PROCESS FOR BEER.

The Stockheim patent, No. 378,379, for a filtering process for beer, claims 1, 2, and 4, held valid, and a verdict and judgment finding infringement sustained.

In Error to the District Court of the United States for the Southern District of New York; C. M. Hough, Judge.

Action at law by the German-American Filter Company of New York against Peter Doelger. Judgment for plaintiff, and defendant brings error. Affirmed.

The suit was brought to recover damages for infringement of letters patent No. 378,379 granted to H. Stockheim February 21, 1888, claims 1, 2 and 4 being involved. The patent expired in 1905. The parties will be referred to as plaintiff and defendant as they appeared in the District Court.

William R. Baird and Stephen J. Cox, both of New York City, for plaintiff in error.

Lawrence E. Sexton and Wetmore & Jenner, all of New York City, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The Stockheim patent was granted February 21, 1888, for a filtering process for beer, the object of the inventor being to remove from the beer mechanical impurities and carbonic acid gas under pressure. The specification states that in the filtration of beer it is important that the liquid should be filtered continuously in its passage from the store-cask to the keg into which it is drawn for sale, without material loss of the gas contained in the beer and without material foaming in the keg into which the filtered beer is delivered. The inventor points out that prior to the invention isinglass had been generally used, but that this method was costly and produced unsatisfactory results. The specification says:

"By my improved method of filtering I dispense entirely with the use of isinglass or other findings, and thus very great economy is secured, the beer is thoroughly clarified, all or substantially all of the yeasty particles being removed, the operation of filtering is rapid and continuous without material variation in speed and without the necessity of changing or cleansing the filtering substances, the carbonic-acid gas is substantially preserved in the beer, and the beer comes out of the filter retaining all its brilliancy and liveliness, ready to be discharged into the keg at the racking-off bench without any danger of subsequent cloudiness or other deterioration due to the filtration, and without having had imparted to it any undesirable taste."

The claims in controversy are as follows:

"1. The process of filtering beer, consisting in drawing the beer to be filtered from the cask under a pressure exceeding atmospheric pressure, conducting the same to and through a filtering apparatus in which that pressure is maintained during the filtering operation, keeping the filtering apparatus full of beer, collecting and carrying off any air entering the filter along with the beer and gas separating from the beer during the filtering operation, and discharging the filtered beer from the filter under pressure, substantially as hereinbefore set forth.

"2. The described process of filtering and keeping beer, which consists in forcing the beer under a pressure exceeding atmospheric pressure from the store-cask through a filtering apparatus and thence to the keg, keeping said apparatus full of beer during the operation, and collecting and carrying off from the beer during its passage from the store-cask to the keg air that may be mingled with the beer and gas that may separate from the beer, substantially as and for the purposes hereinbefore set forth."

"4. The process of filtering beer, consisting in drawing the beer from the cask under a pressure exceeding ordinary atmospheric pressure, forcing the

beer under said pressure through a filter, maintaining that pressure in the filter during the filtering operation, creating and maintaining a back-pressure in the filter, so as to keep the filter full of beer, and collecting and carrying off from the beer any gas separating from the beer on its way from the store-cask to or through the filtering apparatus, substantially as described."

These claims have been upheld by every court which has considered them and few patents have been the source of such vehement and protracted litigation. See Uhlmann v. Bartholomae & Leicht Brewing Co. (C. C.) 41 Fed. 132; Uhlman v. Arnholdt & Schaefer Brewing Co. (C. C.) 53 Fed. 485; German-American Filter Co. of New York v. Erdrich (C. C.) 98 Fed. 300; Zwietusch v. Stockheim, 53 Off. Gaz. 755; German-American Filter Co. of New York v. Loew Filter Co. (C. C.) 103 Fed. 303; Id., 107 Fed. 950, 47 C. C. A. 94; Id. (C. C.) 155 Fed. 124; Id., 164 Fed. 855, 90 C. C. A. 637. In the last of these citations Judge Lurton says at page 857, of the process described in the claims:

"That his process was a great practical success the evidence makes plain. That it was adopted and used by a great proportion of the large breweries, and that it superseded in a large measure prior methods and apparatus, is established. The single question is whether, when he conceived his method, it had already been publicly used or described in publications open to the public, and therefore anticipated."

The court, however, held the third claim, not in issue in the present case, invalid.

[1] Few patents have been so persistently attacked and so thoroughly tested in the courts. Every argument which can be urged against it was presented in the prior litigation and carefully considered. Nothing we can say will add to the unanimous conclusion reached by the courts which have preceded us. The doctrine of stare decisis applies. Though the decisions of other courts are not conclusive upon us, an orderly administration of the law requires us to follow them when based upon substantially the same facts, unless we are clearly of a different opinion. Mast-Foos Co. v. Stover Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856; Beach v. Hobbs, 92 Fed. 146, 34 C. C. A. 248.

[2] The value of the Stockheim filter was early recognized by the brewers of this country, the defendant among the rest. We cannot resist the conclusion that the claims sued on are valid and are entitled to a liberal construction. Are the claims infringed? This question was submitted to the jury and they found for the plaintiff. The elements of the process as stated in the first claim are as follows:

First, drawing the beer to be filtered from the cask under a pressure exceeding atmospheric pressure.

Second, conducting the same to and through a filtering apparatus in which that pressure is maintained during the filtering operation.

Third, keeping the filtering apparatus full of beer.

Fourth, collecting and carrying off any air entering the filter along with the beer and gas separating from the beer during the filtering operation.

Fifth, discharging the filtered beer from the filter under pressure.

The defendant uses the Loew filter. Which one of these elements does he omit? He draws beer from the cask under pressure and conducts it through a filter in which the pressure is maintained during the operation, he keeps the filtering apparatus full of beer, he collects and carries off air and gas during the operation. It is true that he does not use the precise apparatus described and shown in the patent; it is not essential that he should. The claims are not for a machine, but for a process and any one who practices the process infringes, irrespective of the means employed to carry it out. The vital question is, does defendant use the patented process? If he does, the differences in the two machines may be disregarded. The question was tersely stated by the trial judge in his charge as follows:

"If you do not think that what Doelger did with his Loew filter involved the use of Stockheim's process, you will find for the defendant, and so end this case."

The jury found that Doelger did use the Stockheim process and their verdict, to say the least, is not against the weight of evidence. We see no error in the charge of the court upon the question of damages.

The record contains 58 assignments of error, but none of them points out an error of sufficient moment to justify a reversal.

The judgment is affirmed with costs.