HILDRETH v. AUERBACH et al.

(District Court, S. D. New York. March 14, 1914.)

No. 211.

1. PATENTS ⟞297—VALIDITY—PRECEDENTS—DECISIONS OF COURTS OF OTHER CIRCUITS.

The affirmance by the Circuit Court of Appeals of another circuit of a judgment holding a patent void, though not absolutely controlling, is substantially res judicata in case of doubt.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. ⟞297.]

2. PATENTS ⟞328—VALIDITY—IMPROVEMENTS IN CANDY-PULLING MACHINE.

Following a judgment of the Circuit Court of Appeals for the Fourth Circuit, the fourth claim of the Hildreth patent, No. 832,384, for improvements in candy-pulling machines, held void.

⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

223 F.—35

**3. PATENTS ⬩328—INFRINGEMENT—IMPROVEMENTS IN CANDY-PULLING MACHINES.**

The Thibodeau patent, No. 857,770, for improvements in candy-pulling machines, *held* infringed.

**4. PATENTS ⬩312—SUITS FOR INFRINGEMENT—SUFFICIENCY OF EVIDENCE.**

In a suit for infringement of a patent, evidence *held* sufficient to show that infringing machines were manufactured by defendants, especially where the testimony of one of the defendants was evasive, and his bearing and manner indicated that he did not desire to disclose the whole situation.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. ⬩312.]

**5. PATENTS ⬩312—ACTIONS FOR INFRINGEMENT—BURDEN OF PROOF.**

While, in a suit for infringement of a patent, plaintiff has the burden of proof with respect to the infringement, this does not mean that he must do more than show a preponderance of the evidence.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. ⬩312.]

**6. PATENTS ⬩310—INFRINGEMENT SUIT—DEMURRER—DECISION AS LAW OF THE CASE.**

Where, in a suit for infringement of a patent, the facts as to the title to the patent were all set forth upon the face of the bill and were proved as alleged, the decision on demurrer to the bill would be followed as the law of the case.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. ⬩310.]

**7. PATENTS ⬩198—ASSIGNMENTS—ACKNOWLEDGMENT—APPLICATION OF STATE LAWS.**

Under the act of Congress requiring the assignment of a patent to be acknowledged, where the acknowledger has the same name as the person described in the instrument and executing it, it is sufficient if the notary knows the acknowledger and certifies that he acknowledged the execution of the paper, and it is not necessary that the acknowledger should be known to the notary to be the person described in the assignment and executing it, as required by the state law.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 277; Dec. Dig. ⬩198.]

**8. PATENTS ⬩312—ACTIONS FOR INFRINGEMENT—PROOF OF TITLE.**

In a suit for infringement of a patent by an assignee thereof, where conveyances to P. and by P. were as trustee, it was not necessary to show that he had power to convey, since, if he acted in dereliction of his trust, this was not a matter for a third party, and a prima facie title was at least made out which the defendant must attack.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544–549; Dec. Dig. ⬩312.]

In Equity. Suit by Herbert L. Hildreth against A. Leopold Auerbach and another, for infringement of the Hildreth patent, No. 832,-384, and the Thibodeau patent, No. 857,770, for improvements in candy-pulling machines. Bill dismissed as to the Hildreth patent, and decree for complainant as to the Thibodeau patent.

Decree affirmed 223 Fed. 651, —— C. C. A. ——. See, also, 200 Fed. 972.

George P. Dike, of Boston, Mass., for complainant.
Joseph L. Levy, of New York City, for defendants.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEARNED HAND, District Judge. [1] The Circuit Court of Appeals for the Fourth Circuit has now affirmed Judge Rose's judgment in Hildreth v. Lauer & Suter Co. (D. C.) 204 Fed. 792, upon his opinion in that case. Of course, this is not absolutely controlling upon me (Mast-Foos Co. v. Stover Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856) in the sense that it is res adjudicata; yet, in case of doubt, it is substantially so (Voigtmann v. Seely, 198 Fed. 485, 119 C. C. A. 386; Doelger v. German-American Filter Co., 204 Fed. 274, 122 C. C. A. 472), even in cases other than patents (Gleason v. Thaw, 196 Fed. 359). It would be a strong thing now to hold in the face of the unanimous decision of four judges to the contrary that there was no doubt about the validity of the fourth claim of this patent.

[2] The difficulty arises from the interpretation of the claim, especially in respect of the words, "means for supporting the candy." Judge Rose has held that these words must be read broadly to cover every means of supporting the candy, between which and the "pulling means" a "relative in-and-out motion" can take place, but that beyond the disclosure the monopoly should not go. He mentions that Dickinson referred in his specifications to the possible substitution of another kind of support than the trough, and that he speaks of his pins as "hooks or supports," in claim 1. From these he infers that there was no invention merely in conceiving of the supporting means as being hooks, and that the invention can only rest in the particular form of device disclosed. The plaintiff insists that he ought not to be met by Dickinson's claim 1 because it was lifted bodily out of his own patent, though it should, on the contrary, be remembered that he accepted and fought through an interference without protest, which assumed that the claim read upon Dickinson's disclosure. I must confess that the conception of the pins as "supports" seems to me quite foreign to Dickinson's disclosure. However that may be, it is always a question open at least to discussion how far a disclosure should be permitted to be generalized. Even when he is the first in the field, an inventor should get a monopoly only for the ideas which those who come later must use. I am not disposed to think that the mere idea of supporting the candy upon the hooks justified a monopoly of every conceivable means of support which might have an in-and-out motion. Personally, I should have interpreted those general terms as limited by the disclosure and as only including means substantially identical with the disclosure, but I hardly feel disposed to follow my own judgment in a case where I must be wholly free from doubt. Patent claims are notoriously elusive in interpretation; their meaning depends very largely, if not altogether, upon the temper in which you approach them; and a judge, certainly a judge of first instance, unless he is of unusually sturdy personality, quickly learns diffidence in his own conclusions upon them. It is of chiefest consequence that they should not mean something different in each of the nine circuits. I cannot feel that I ought to disregard the interpretation of the Circuit Court of Appeals for the Fourth Circuit.

### Thibodeau Patent.

[3-5] Three points arise respecting this patent: Infringement, title, and the acknowledgment of the assignment. Some suggestion was

made in addition that the Engineer's Sketch Book was an anticipation, but it cannot be seriously regarded. As to infringement, I have no trouble in finding that the defendants made the two machines which Proctor saw in Fink's brewery and that they corresponded to his drawings of them. Each was an embodiment of the Thibodeau patent, except that the arms were straight instead of being bent, a difference which does not avoid infringement. It is suggested that the proof does not show that the defendants sent the two machines made by them to Fink's brewery, but this appears from Auerbach's own cross-examination, questions 117, 118, 121, 122. Again, if there be thought to be any ambiguity in this testimony, as mere matter of inference, the same result follows prima facie from the undoubted evidence that the defendants sent some candy-pulling machinery to the brewery, and that these three machines were later found there. Of course, it is possible that some one else was also storing such candy machines in this brewery, but it is not likely. Furthermore, I think the testimony of Deutschman and Kammer was enough even without Proctor's testimony to show that the defendants had made at least one machine in imitation of the Duff machine. Especially is all this proof sufficient when one recalls that the contrary proof, if there was any, lay in the power of the defendants to produce; they had the machines somewhere, if not at Fink's brewery; and, if any question is to be made, they must produce them. It is idle to talk about burden of proof; of course, the plaintiff has the burden, upon infringement; but that does not mean that he must do more than show a preponderance of evidence. Nor does it mean that evasion like Auerbach's should have no probative force in determining whether there was any merit in the position of noninfringement. Certainly I got the strongest impression from his bearing and manner that he had no desire to disclose the whole situation. If there be any doubt about the manufacture of the machines which Proctor saw, it does not lie in the defendants' mouth to urge it under these circumstances.

[6] The next point relates to the title; but as the facts upon which that question depends were all set forth upon the face of the bill, and have been passed on already on demurrer, Judge Noyes' decision is the law of the case. If the plaintiff proves his case upon the trial as he has alleged it, it is our uniform custom to follow the ruling of the judge who decides the demurrer; otherwise that decision goes for nothing.

[7] The last question is of the acknowledgments upon the assignments. Toledo Computing Scale Co. v. Computing Scale Co., 208 Fed. 410, 125 C. C. A. 622, does not mean to lay it down that a patent acknowledgment must conform to the laws of the state where it is taken. The case was one where it did not appear from the certificate to a corporate acknowledgment that the individuals acting had the power to bind the corporation, and the language of the opinion was well directed to those facts. Of course, an act of Congress laying down what shall be evidence in a United States court ought not to be construed as incorporating the law of the state, except upon the clearest possible evidence of Congress' intention; the act itself should be the measure of Congress' intention, and in this case the act only says that

the assignment must be acknowledged. In New York the statute controlling acknowledgments specifically requires that the acknowledger not only must be known to the notary, but known to be the person described in the document and executing the same. The same is true of the Illinois statute quoted in Mr. Levy's brief. In the absence of such a statute, I think it is a good acknowledgment if the notary knows the acknowledger and certifies that he acknowledged the execution of the paper, provided, of course, that the acknowledger has the same name as the person described in the instrument and executing it. The identity of the person so described and executing, with the person who acknowledged, must generally be known to the notary only by identity of name, together with the fact that he asserts the identity himself. I think it an extremely technical construction of the statute to insist that the notary must certify that he knew the identity independently of these grounds.

[8] It was not necessary to show that Piel, trustee, had the power to convey. The conveyance into him was as trustee and out of him the same; he had title to the patent; and, if he acted in dereliction of his trust in the sale, it is not a matter for a third party. If the position is that his title might have been such that he could not even pass a legal title, I can only say that I know no such trustee's title in personalty, and, if there be any such, a prima facie title was at least made out which the defendant must attack.

A decree may go dismissing the bill as to the Hildreth patent and giving the usual relief as to the Thibodeau patent. No costs.