DE VRY CORPORATION v. ACME MOTION PICTURE PROJECTOR CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

No. 2715.

PATENTS ⬚=⬚328—FOR MOVING PICTURE MACHINE VOID FOR LACK OF INVENTION.

The Lockwood patent, No. 929,678, for an improvement in apparatus for exhibiting moving pictures, consisting of a rotary fan for ventilating the moving picture cabinet when in use, to prevent the film from being subjected to excessive heat, *held* void for lack of novelty and invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the De Vry Corporation against the Acme Motion Picture Projector Company. Decree for defendant, and complainant appeals. Affirmed.

Fred Gerlach, of Chicago, Ill., for appellant.
Luther Johns, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. This is an appeal from a decree dismissing for want of equity the appellant's bill for alleged infringement of patent No. 929,678, issued on August 3, 1909, to Lockwood for improvements in apparatus for exhibiting moving pictures. The decree followed a ruling sustaining appellee's motion to dismiss, which was in the nature of a general demurrer.

Claims 14, 15, and 16 were the only ones counted on in the bill. As these claims are all of the same effect so far as determining the correctness of the ruling on demurrer is concerned, only one of them is subjoined.

"16. In an apparatus for exhibiting moving pictures, the combination with a cabinet having a picture film therein, of a light and a light condenser therein, an inclosing casing for said lamp and condenser, and a rotary fan for withdrawing the heated air from said casing and discharging it without said cabinet."

In his specification the applicant acknowledged that the motion picture cabinet, with its necessary projecting means, was old in the art. He noted that the pictures are printed on a highly inflammable film of celluloid. "To guard against the possibility of igniting the inflammable film," he said, "I have provided a ventilating apparatus by means of which the air heated by the lamp and in the projector is withdrawn and discharged from the cabinet. As shown, this comprises a rotary fan driven by the motor and which is connected to the casing surrounding the lamp and containing the light condenser; and the fan is

⬚=⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

connected with a conduit for discharging the hot air out of the cabinet. Thus the temperature within the chamber is prevented from rising to the danger point."

In Lange v. McGuin, 177 Fed. 219, 101 C. C. A. 389, we spoke of the demurrer in equity pleading in this way:

"It is not the province of a demurrer to speak of matters beyond the bill. Of course, every bill is written against the background of common knowledge; and in that view a demurrer may be said to invite the chancellor to take judicial notice of the background. But if a bill, in and by its own averments, states a prima facie case, that case cannot properly be overthrown by the chancellor merely on the ground that he judicially knows of facts that would support an answer. His judicial knowledge must go farther, and be so broad and all-embracing that he can properly hold that no facts exist that would tend to controvert the supposed answer and support a replication and the bill. This is so because, if such facts exist, the complainant is entitled to a hearing where he can present and argue the facts, and such a hearing cannot be had on demurrer to the bill."

Under that rule we upheld bills against demurrers in Westrumite Co. v. Commissioners, 174 Fed. 144, 98 C. C. A. 178, and Krell Piano Co. v. Storey & Clark Co., 207 Fed. 946, 125 C. C. A. 394, Wright v. Wisconsin Lime & Cement Co., 239 Fed. 534, 152 C. C. A. 412, and sustained demurrers to bills in Chas. Boldt Co. v. Turner Bros. Co., 199 Fed. 139, 117 C. C. A. 621, and Bronk v. Chas. H. Scott Co., 211 Fed. 338, 128 C. C. A. 17.

In the present case the claims in suit and the specification explanatory thereof make it clear that Lockwood contributed nothing to the strict art of projecting moving pictures, and that his improvement consisted in ventilating by means of a rotary fan the moving picture cabinet in order to prevent the inflammable film from being subjected to excessive heat. If invention may be predicated upon that act, then any one could obtain a monopoly of the use of a ventilating fan in every cabinet or box or room into which he put a different apparatus, or in which existed a different condition on account of which he desired ventilation for a different purpose. Jones v. Cyphers, 126 Fed. 753, 62 C. C. A. 21; Baker v. Duncombe Mfg. Co., 146 Fed. 744, 77 C. C. A. 234; Voightmann v. Perkinson, 138 Fed. 56, 70 C. C. A. 482; National Regulator Co. v. Powers Regulator Co., 160 Fed. 460, 87 C. C. A. 444; Alexander v. De Moulin Bros. & Co., 199 Fed. 145, 117 C. C. A. 627.

The decree is affirmed.