In re EBERT et al.

Patent Appeal No. 2940.

Court of Customs and Patent Appeals.

April 4, 1932.

Barnett & Truman, of Chicago, Ill. (Percival H. Truman, of Chicago, Ill., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims in appellants' application for a patent for an alleged invention relating to a method of converting starch into dextrose, the primary purpose of which is to increase the dextrose content of a "starch converted dextrose solution."

Claims 1, 2, and 3 are illustrative. They read:

"1. Method of manufacturing dextrose solutions which comprises converting the starch in the presence of a material which is free from and adsorbs substances tending to catalyze dextrose to polysaccharides.

"2. Method of manufacturing dextrose solutions which comprises converting the starch in a converter, the interior surfaces of which are of a substance which in the presence of the hydrolizing acid does not catalyze dextrose to polysaccharides.

"3. Method of increasing the dextrose

content of a starch converted dextrose solution which consists in converting the starch in the presence of a material which is free from and adsorbs substances tending to catalyze dextrose to polysaccharides and in a vessel the interior surfaces of which are of a material catalytically inert in the converting reaction."

The references are: Hirsh, 58,824, Oct. 16, 1866; Johnson, 186,935, Feb. 6, 1877.

The appealed claims relate to three methods of converting starch into dextrose. The first, defined in claim 2, comprises the use of a converter, the interior surfaces of which are catalytically inert with respect to the dextrose. The second, defined in claims 1, 4, 5, and 6, involves the employment of adsorption agents, such as animal and vegetable carbon, during hydrolysis to neutralize the catalytic effect of impurities in the starch tending to catalyze the dextrose to polysaccharides. The third, defined in claims 3 and 8, includes the first and second methods in combination.

The patent to Hirsh relates to a method of manufacturing sugar from Indian corn or other cereals containing starch. The patentee stated that sulphuric acid, sulfate of alumina, and finely powdered coke or vegetable charcoal were added to the mixture in the converter. He further stated that the joint use of the alumina and charcoal was an improvement over the old method, which he said dispensed with the alumina.

The patent to Johnson relates to a method and an apparatus for the manufacture of glucose "from grain, whole, crushed, bruised, or broken, or granular amylaceous substances." The patentee disclosed the use of a "strong wrought-iron vessel, lined with lead or with a silicate enamel, capable of resisting the action of the acid; or the vessel may be made of gun-metal, and in such case it need not be lined with lead."

In its decision, denying the patentability of the involved claims, the Board of Appeals, among other things, said:

"The examiner rejected all the claims because he holds that Johnson shows the use of an enamel lined converter which is inert and would have no effect on the dextrose, and because Hirsh shows the use of an adsorption agent. Appellant urges that Johnson merely uses an inert lining of enamel to prevent corrosion the same as his alternative lining of lead, and that he had no conception of using such lining to prevent catalytic action on the dextrose. We do not see that it is patentable to discover an effect of the lining as long as the lining is used in the same relation and must necessarily have this effect. Even though Johnson only mentions overcoming corrosion the enamel lining will also have the same effect as in appellants' vessel. Hence such a claim as claim 2 is clearly unpatentable. Appellant also urges that the patent to Hirsh has no disclosure of using an adsorption substance for adsorbing substances tending to catalyze dextrose, and especially because he introduces alumina. Hirsh discloses the use of coke or vegetable charcoal. The latter is well known to possess adsorbing properties and it would without a doubt serve the function of adsorbing substances tending to catalyze dextrose to higher sugars when introduced. The presence of alumina may be open to some objection but in line 4, page 2, disclosure is made of prior methods where alumina was not used. Hence if objectionable the alumina may be omitted. We believe that Hirsh by using an adsorption substance during the conversion of starch into dextrose must necessarily obtain the same effect as in appellants' process. Hence we regard claims 1, 4, 5, 6 and 8 as unpatentable. Claims 3 and 7 include both the inert lining and the adsorption material. They are regarded unpatentable in view of both of the above patents."

It is contended by counsel for appellants that the patent to Johnson had to do merely with the protection of the converter against corrosion; that, as it discloses three converters, two of which will not produce the result obtained by appellants, and as it is doubtful whether at the time it was issued anything was known about catalysis, it is not a proper reference; and that neither of the references related to the problem of increasing the percentage of dextrose.

█ The patentee, Johnson, may not have known anything about catalysis, nor why, scientifically, his silicate enameled converter produced the desired results. Nevertheless, it was he, not appellants, who discovered and disclosed to the art that advantageous results could be obtained by the use of such a converter. All that appellants did in this connection was to discover and give to the art the scientific explanation of the successful operation of the Johnson converter. Appellants are not entitled to a patent for this scientific explanation. De Forest Radio Co. v. General Electric Co., 283 U. S. 664, 51 S. Ct. 563, 75 L. Ed. 1339. See also In re Modine, 57 F. (2d) 355, 19 C. C. P. A. ——, decided concurrently herewith.

In view of the fact that it was old to em-

ploy adsorption agents, "powered coke or vegetable charcoal," during the hydrolizing process, as disclosed in the patent to Hirsh, we are of opinion that the Patent Office tribunals reached the right conclusion, and that the authorities relied upon by counsel for appellants have no application to the issues here involved.

The decision of the Board of Appeals is affirmed.

Affirmed.