In re MODINE.

Patent Appeal No. 2938.

Court of Customs and Patent Appeals.
April 4, 1932.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C. (Hill & Hill, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant filed his claim in the United States Patent Office for a patent on certain claimed improvements in a radiator, such as is commonly used as a cooling device in connection with an internal combustion motor. His device consists of an arrangement of the ordinary fluid circulating radiator, with a series of horizontal air conducting tubes extending through the radiator. These tubes have a centrally located vane, comprising a thin flat strip of, preferably, sheet metal. Portions of this vane are severed or struck up from the body of the strip and bent laterally outwardly from the main body of the strip forming alternately projecting tongues. These tongues have the effect of directing the stream of entering air first to one side of the tube and then to the other, which effect, it is claimed in the specification, accelerates the flow of air along the walls of the tubes and thereby increases the efficiency of the radiator.

There is but one claim, which is as follows: "A water cooling system for automobiles including a radiator associated therewith for facilitating the chilling of the water of said system, said radiator comprising a liquid container having a plurality of tubular air passages therethrough, the inlet of the passages being positioned towards the front of the radiator, and a vertically extending deflector plate positioned in each of the air passages and extending longitudinally thereof to divide each passage into parallel longitudinally extending compartments, said deflector plates having a plurality of longitudinally spaced tongues struck therefrom and forming longitudinally spaced openings in the plate, alternate tongues being offset from the plate in opposite directions and extending diagonally from the plate with their outer ends terminating adjacent the walls of the passage and towards the inlet opening thereof to gather the air from the walls of the passage and direct the same through the openings in the plate alternately from one compartment of the passage to the other."

The Examiner rejected the claim upon the following references: Harrison, 1,336,136; Segelken, 1,056,373; (French) Chatelperron, 444,328.

The Board of Appeals differed with the Examiner as to the Harrison reference, but

rejected the claim upon the other references cited.

The Segelken reference is a patent upon a device to be used in flue tubes in steam boilers. One form of the Segelken device is a thin strip of metal extending through the flue tube, with tongues to deflect the heated gases, in exactly the same way as appellant's device. Segelken states that his device is intended to retard the gases, so that they may more fully yield up their heat to the surrounding water in the boiler.

The Chatelperron reference shows a system of tubes for cooling automobile radiators, in which the air passing through horizontal tubes is deflected by a series of baffles in the tubes, so that it flows from one side of the tube to the other as it passes through. Chatelperron also alludes to his device as a retarder.

Both of these reference patents operate exactly as does appellant's device here, and hence there is nothing inventive in his conception. It is argued that appellant's idea is to accelerate the air, while the idea of the references is to retard. Whatsoever the respective theories of the parties may be, the devices and their operation are exactly the same. The Supreme Court, in De Forest Radio Co. v. General Elec. Co., 283 U. S. 664, 685, 51 S. Ct. 563, 569, 75 L. Ed. 339, said: "It is method and device which may be patented and not the scientific explanation of their operation." See, also, In re Ebert, 57 F.(2d) 356, 19 C. C. P. A. ——, decided concurrently herewith.

It has been well said that where a patent discloses means by which a novel and successful result is secured, it is immaterial whether the inventor understands or correctly states the theory or scientific principles upon which it operates. Van Epps v. United Box B. & P. Co. (C. C. A.) 143 F. 869.

We came to a similar conclusion in In re Dickerman, 44 F.(2d) 876, 18 C. C. P. A. 766.

A suggestion is made that the Chatelperron patent, being foreign, must be strictly confined to its disclosure as a reference. We conclude, from an examination of that patent, that there is no error in treating it as a complete anticipation of appellant's device.

The decision of the Board of Appeals is affirmed.