## DAVISON CHEMICAL CORP. v. JOLIET CHEMICALS, Inc. et al.

### No. 9991.

United States Court of Appeals
Seventh Circuit.

Feb. 8, 1950.

Rehearing Denied March 7, 1950.

Harold W. Norman, Chicago, Ill., Edward A. Zimmerman, Chicago, Ill., for plaintiff-appellant.

John Rex Allen, Jules L. Brady, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In plaintiff's suit to enjoin infringement of patent No. 1,900,859 to Connolly et al., March 7, 1933, covering a process for making silica gel, the court, upon motion for summary judgment, having before it the Connolly patent, its file wrapper, prior patent No. 1,297,724 to Patrick, March 18, 1919, the deposition of Connolly, the affidavits of Mecredy and Patrick as to the status of the prior art, not disputed by plaintiff or defendants, allowed the motion, holding the Connolly patent invalid for

want of invention and dismissing the complaint. From that judgment, plaintiff appeals.

Silica gel is a hard, transparent substance with ultra-microscopic pores, possessing ability to absorb moisture from the air, making it useful as a desiccant. It has other commercial uses where adsorptive purposes are desired and where catalysts are useful, as in oil refining. Some commercial uses necessitate very small pores in the physical structure while for certain others, larger pores are desirable. All this was common knowledge when Connolly applied for his patent. The industry was then manufacturing silica gel by mixing sodium silicate with an acid under violent agitation, allowing the resulting product to set, breaking it into small pieces, washing it free from acid and salt and drying it at a fixed temperature. Nothing appeared in the prior art, however, as to the desirability of controlling the temperature of the water in which the material was washed except that Patrick had asserted that "hot water" was preferable.

Patrick had described the process and received his patent therefor. In his claims he prescribed washing but made no reference to the temperature of the water. His only reference to that matter appeared in his description where he expressed his preference for hot water without giving reasons.

It seems clear that Connolly discovered for the first time that a definite relationship exists between the temperature of the wash water and the porosity of the final product. He found and announced that the higher the temperature, the lower the density. This scientific fact, apparently, no other delver in the art had discovered; therein lies the difference between the two patents. In other words, Connolly adopted the process of Patrick but claimed an improvement "pertaining to controlling the apparent density of the gel which comprises adjusting the temperature of the heated water, the temperature chosen for the water being the higher as the apparent density desired is lower"; or, as stated in Claim 7, "that improvement relating to controlling the apparent density of the gel within the range of about 0.52 to 0.79 when activated at about 600° to 1600° F., which comprises, adjusting the temperature of the wash water within the range of about 160° to 190° F., the temperature chosen for the water being the higher as the apparent density desired is lower." The process was old. The washing was old. The specific suggestion of Connolly in his claimed improvement that the higher the temperature of the wash water, the lower the density of the final product was new. It follows, we think, that Patrick did not anticipate Connolly's specific teaching; thus the question before us is whether that teaching amounts to invention.

It is one thing of course to discover a scientific fact, a law existing in nature, and quite another to invent a means of making that discovery useful. One may well know of the physical power of leverage and that it may be achieved by divers mechanical means, including the simple lever, transmission of power from a larger gear wheel to a smaller one and the transfer of power from a larger pulley to a smaller one, but the decision as to whether invention grows out of a means devised to utilize such physical quality or scientific fact or law of nature, whatever term one may use, is the same as that involved in every case questioning invention and that is whether the patentee has taught something which, within the patent statute, amounts to patentable invention. Consequently the question becomes one of whether, when Connolly discovered the scientific fact that temperature of the washing water directly affects the density of the washed product, he then devised a process for utilization of that scientific fact which amounted to invention. What the skilled scientist, having been informed of the newly discovered scientific fact, would have done, would amount only to the exercise of ordinary skill in his profession. Knowing that the porosity and density of the gel varies directly in relation to the temperature of the rinsing water, was it invention for Connolly to apply the law of nature as he did?

While a scientific truth, or its mathematical expression is not patentable invention, a novel and useful structure

created with the aid of knowledge of scientific truth may be. Mackay Radio & Telegraph Co. v. Radio Corp., 306 U.S. 86 at page 94, 59 S.Ct. 427, 83 L.Ed. 506. He who discovers a hitherto unknown scientific fact or law of nature has no claim to a monopoly of it; if there is to be invention from such a discovery it must come from the application of the law of nature or scientific fact to a new and useful end. Funk Brothers Seed Company v. Kalo Inoculant Company, 333 U.S. 127, 68 S.Ct. 440, 92 L.Ed. 588. See also De Forest Radio Company v. General Electric Company, 283 U.S. 664, 685, 51 S.Ct. 563, 75 L.Ed. 1339; Wall v. Leck, 9 Cir., 66 F. 552, 555; In re Modine, 57 F.2d 355, 356, 19 C.C.Pa., Patents, 1058. Discovery of a previously unknown law of operation, involved in no new method, has never been held to be invention. The application of the law must be novel and inventive in character. Luten v. Whittier, 6 Cir., 251 F. 590; General Electric Co. v. Cooper Hewitt Electric, 6 Cir., 249 F. 69.

Keeping these principles in mind and applying them to the present case, we assume that Connolly discovered that the temperature of the wash water determined the pore size and, therefore, the specific gravity or density of the gel but, we think, that, once having discovered this, it required nothing more than the ordinary skill of the scientist to determine that maintaining the temperature of the water at a constant point would make the size of the pore, and the density of the silica gel, uniform.

█ In other words the artisan, knowing that the temperature determines the porosity, could very readily, by empirical methods, determine the particular pore size required for a particular use of the gel and then, by maintaining the wash water at the temperature at which such pore size was attained, procure the uniform product desired. Stated otherwise, it seems to us that Connolly merely transferred to paper his discovery of a scientific fact which, when discovered, was sufficient to enable any skilled artisan to accomplish what he achieved. "To find the range, required nothing more than routine experimentation by a skilled chemist, and that being so, invention was not involved." American Lecithin Co. v. Warfield Co., 7 Cir., 128 F.2d 522, 526. See also Novocol Chemical Mfg. Co., Inc., v. Powers & Anderson Dental Co., Inc., 4 Cir., 128 F.2d 904. We agree, therefore, that the patent to Connolly is invalid.

Plaintiff insists that the court wrongfully entered summary judgment. Rule 56(c) of Federal Rules of Civil Procedure, 28 U.S. C.A., permits such a motion to be entertained "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Plaintiff's contention in this respect, therefore, must stand or fall upon our determination of whether there remained, in reality, "a genuine issue as to any material fact."

█ Defendants' motion necessarily admitted all averments of plaintiff's complaint well pleaded. Insofar as the validity of the patent involved is concerned, they pleaded, as prior art defense, only the Patrick patent. There are in the record the deposition of Connolly himself, two affidavits and the file wrapper. From them the facts that we have related appear without contradiction; that is to say, it appears that everything was old except Connolly's discovery and his application of that discovery to the process described in his patent for an improvement over the prior art. His prescription for that process, we have held, did not constitute invention. We are unable to find remaining any genuine issue of fact between plaintiff and defendants. Consequently, the court rightfully allowed the motion for summary judgment. Such practice in similar cases is not new. Gatch Wire Goods Co. v. W. A. Laidlaw Wire Co. et al., 7 Cir., 108 F.2d 433; Milcor Steel Company v. George A. Fuller Company, 316 U.S. 143, 144, 62 S.Ct. 969, 86 L.Ed. 1332; Allen et al. v. Radio Corporation of America, D.C., 47 F.Supp. 244; Luten v. Kansas City Bridge Co., D.C., 272 F. 533; Juniper Mills, Inc., v. J. W. Landenberger & Co., D.C., 6 F.R.D. 463.

The judgment is affirmed.