**PARAMOUNT INDUSTRIES, Inc. v.
SOLAR PRODUCTS CORP. et al.**

No. 165, Docket 21864.

United States Court of Appeals,
Second Circuit.

Argued Jan. 11, 1951.

Decided Jan. 29, 1951.

George E. Middleton, of New York City (Pennie, Edmonds, Morton & Barrows, of New York City, on the brief), for defendants-appellants.

Laurence B. Dodds, of Little Neck, N. Y. (Harry J. Halperin, of New York City, on the brief), for plaintiff-appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

Defendants appeal from an interlocutory judgment for an injunction and an accounting which holds valid and infringed Claims 1, 2, and 3 of United States Letters Patent No. 2,435,164 for a "Fluorescent Hand Lamp" issued on January 27, 1948, to plaintiff as assignee of Alfonse D. Sobel. Although this patent has been fully sustained by the district court, D.C.E.D.

N.Y., 93 F.Supp. 331, we are bound to say that in our judgment it is peculiarly wanting in that display of inventive genius now required by the Supreme Court, as illustrated by such cases as Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644, and Jungersen v. Ostby & Barton Co., 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235, or in its latest expression, Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127. So, too, while it perhaps bears a superficial resemblance to such a recent case of our own as Bostitch, Inc., v. Precision Staple Corp., 2 Cir., 178 F.2d 332, being a like simplification and combination of well-known elements, it cannot match the Bostitch in the simplicity and effectiveness of the product. If in none of the cited cases was invention to be found, then it would seem clear that a patent such as this has little chance. In short, it appears to us an unusually flimsy patent. Plaintiff attempts to stress a presumption of validity from the Patent Office action particularly because the examiner considered and cited four of the five prior patents now relied on by defendants to show invalidity; but these facts show only the more what Supreme Court Justices are now openly suggesting, namely, that the standard in the Patent Office has become lower than is justified under present legal authority.

A fluorescent hand lamp is of course a useful article for camps, cellars, medical and factory use, indeed for any situation where quick and efficient illumination is needed without resort to ordinary power lines. But that is not the invention claimed here. Involved herein is only the box, the purpose of the invention being to supply a container which could be easily taken apart for the replacement of dry batteries and easily reassembled. As the patent itself states: "Heretofore there have been proposed a number of portable fluorescent hand lamps including self-contained power sources, such as dry batteries. While such lamps have not been entirely unsatisfactory from a performance standpoint, they have left much to be desired in the way of simplicity of construction and ease of assembly."

The article which the plaintiff has manufactured and sold under the patent is called "Totelite." Its receptacle does come apart and go together easily and simply. It is U-shaped in cross-section, having sides, back, and a flanged top and flanged bottom. But the part particularly stressed is that which forms the bulge of the U and is actually the reflector unit and its cover in combination assembly. Thus at this end of the lamp there is a forwardly convex resilient translucent cover protecting the fluorescent tube which is held in place against a forwardly concave reflector. The reflector has longitudinal seating grooves or flanges which engage like grooves in the side walls formed by Z-straps welded to these walls. When assembled (easily and quickly because of the simplicity of the operation) cover and reflector are held firmly in place to perform their useful functions. This is the asserted heart of the invention and the substance of the three claims—as set forth in somewhat more extensive detail in the opinion below, 93 F. Supp. at pages 332, 333. This the plaintiff itself stresses in its brief in saying that "there stands out one essential feature of the Sobel invention which is lacking in all of the references, namely, the convex resilient plastic front member" which, as it goes on to assert, co-operates with the other lamp elements to perform the three functions of (1) protecting the lamp and reflector against breakage and dirt; (2) transmitting, in co-operation with the concave reflector, the light from the fluorescent tube in a wide-angle beam; and (3) when retained in place by the top and bottom flanges of the receptacle, resiliently pressing the unitary reflector and tube support assembly against the seating grooves of the side walls "to provide a snugly fitting unit which will not rattle or jar out of place in use."

It will be be seen that these are at most refinements of assembly in the container for the portable lamp, rather than novel and primary inventions. Whether such workmanlike developments of a mere

receptacle could be considered patentable had there been no direct prior patents in the field of the fluorescent lamp, we need not consider, because it seems to us clear that there were. Defendants cited five patents to sustain their defense of anticipation. Of these the Strang patent 2,090,239 of 1937 and the Rumbaugh patent 2,239,343 of 1941 were initial developments of container assemblages and translucent covers for electric lights. They furnish background for the direct anticipation shown in combination by the other three.

Of these the Beck patent No. 2,413,599, granted in 1946 for a "Portable Fluorescent Lamp," did cover such a portable battery-operated lamp. It had a U-shaped body member to carry the batteries and electric circuits for the fluorescent tube which was mounted in front of a concave reflector with a glass plate to overlie the tube and protect it. Thus the fundamental ideas of the present patent were involved, but the assemblage was more cumbersome and the product more bulky and expensive to construct. The earlier Biller patent No. 2,342,570, granted in 1944, which was designed for connection with an electrical lighting circuit, did, however, contain a reflector assemblage much like that of the Sobel patent. Under the Biller patent there was the U-shaped body member, with the open edges bent to form flat flanges upon which rest the edges of a curved light-diffusing glass cover and the bent-up edges of a reflector which bore against the inner face of the cover. Finally there is the Maurette patent No. 2,391,325, issued in 1945, which, although attached by wires to an electrical circuit, was intended to be movable within the limits thus permissible. That, too, contained the same elements of the convex reflector, having upstanding flanges or side walls pressing against an arched grill covering the front, so that the "slightly sprung condition of the grill body" caused the edges "to press outwardly against the reflector side walls." Defendants' conclusion seems amply justified, viz.: "All that Sobel did was to cheapen the Beck construction, principally by appropriating the top and bottom

flanged covers of Maurette or Biller and substituting their curved guard for Beck's flat one." This is not invention.

In view of this conclusion it will not be profitable to discuss the other issue found against the defendants below, namely, that of infringement. There are obvious similarities and some differences between the plaintiff's "Totelite" and the defendants' "Lamplighter." Defendants properly point to plaintiff's dilemma in seeking a narrow construction of prior patents to avoid anticipation and a broad construction of its own patent to reach the accused lamp. Defendants are justified in saying, "If the claims in suit are to be held not anticipated they must be given a construction under which defendants do not infringe."

In its complaint plaintiff stated certain additional claims against the defendants: one for violation of United States Letters Patent No. Des. 147,440, for a "Portable Fluorescent Electric Lantern," issued on September 9, 1947, to wit, as assignee of Harry Harris, the inventor; and another for unfair competition after the date of this design patent in selling a portable fluorescent lamp under the name "Lamplighter," which copied the plaintiff's light in both appearance and construction. The district judge seems to have made no decision upon the design patent, and plaintiff has not appealed. Consequently no issue is before us as to that patent. As to the claim of unfair competition, the district judge said that in view of his decision in support of the patent he had no occasion to pass upon the claim and therefore ordered it dismissed "without prejudice." Defendants concede jurisdiction, which seems clear under the present statute. 28 U.S.C.A. § 1338(b); Cutting Room Appliances Corp. v. Empire Cutting Machine Co., 2 Cir., 186 F.2d 997. They do, however, assert error in that the dismissal was "without prejudice." In this we think they are correct. There was no claim of palming off or deceit in selling of the defendants' product or any misappropriation of the plaintiff's name or good will. Consequently it was immaterial whether the defendants' lamp was actually an imitation

of the plaintiff's; absent a valid patent defendants were entitled to make use of the not novel ideas in the plaintiff's lamp so long as there was neither palming off nor proof that plaintiff's lamp had acquired a secondary meaning and that buyers would be likely to ascribe defendants' lamp to the same source as plaintiff's. Lewis v. Vendome Bags, 2 Cir., 108 F.2d 16, certiorari denied 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008; Lucien Lelong, Inc., v. Lander Co., 2 Cir., 164 F.2d 395; General Time Instruments Corp. v. U. S. Time Corp., 2 Cir., 165 F.2d 853, 854, certiorari denied 334 U.S. 846, 68 S.Ct. 1515, 92 L.Ed 1770. The defendants are entitled to judgment on the merits.

Reversed for judgment for defendants on the merits.