**Marie MAGEE and Donald F. Guilliams**

v.

**The COCA–COLA COMPANY, Coca-Cola Bottling Co. of Chicago, Inc., and Chicago Concessions, Inc.**

**No. 52 C 1074.**

United States District Court, N. D. Illinois, E. D.

Jan. 18, 1955.

Warren C. Horton, Chicago, Ill., for plaintiffs.

Will Freeman, W. M. Van Sciver, and Bair, Freeman & Molinaire, Chicago, Ill., for defendants.

LA BUY, District Judge.

The plaintiffs herein allege the infringement by defendants of claims 3, 4, 5, 8, 9, 10, 11 and 12 of their Patent No. 2,103,479, granted December 28, 1937, described as an apparatus for mak-

ing carbonated water for use in connection with an ordinary household refrigerator. The defendants have filed a motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Said motion is directed to the affirmative defense raised in their answer that the patent of the plaintiff is invalid because the device there disclosed was in " * * public use or on sale in this country for more than two years prior to his application * * *." 46 Stat. 376, 35 U.S.C. § 31, 1952 Revision, 35 U.S.C.A. §§ 101, 102, 161.

In support of the motion defendants rely upon depositions of six witnesses, one of whom is William E. Leibing, the inventor of the alleged anticipating device; several brochures distributed to the trade by the Lyons-Magnus Company, which employed Leibing, together with a brochure submitted in connection with a design patent No. 81,753 issued to Leibing August 5, 1930; the company's file copy of an application for patent on the alleged anticipating device invented by Leibing filed April 1, 1929 since the original was destroyed pursuant to Patent Office procedure regarding abandoned patent applications; and the plaintiff's patent.

This motion was argued orally and a Westinghouse cup dispenser produced in court and used to demonstrate the construction and operation. Counsel stipulated that the proofs were limited as though only the construction of the Westinghouse cup machine was charged to infringe and the outcome was to apply to the construction of the other cup machines set forth in Amended Complaint ¶5. The alleged infringement by defendants may be generally stated to exist in the construction and location of the apparatus relating to the cooling and carbonizing of the carbonized water and syrup.

The application for the Magee patent, which is the patent in suit, was filed November 17, 1932. The statute at that time provided as follows:

"Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof, * * * not known or used by others in this country, before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country, before his invention or discovery thereof for more than two years prior to his application, and not in public use or on sale in this country for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law, and other due proceeding had, obtain a patent therefor." 46 Stat. 376.

Rule 56 applies to patent cases and is used in those instances where the structure and mode of operation of the accused device may be readily comprehended by the court and compared with the invention described and claimed in the patent without need of technical explanation by expert witnesses. A summary judgment should not, however, be entered except where the defendant is entitled to judgment beyond all doubt, or where the evidence presented in support thereof would compel the direction of a verdict.

In addition, where prior use or sale is relied upon to defeat the presumption of validity arising from the grant of a patent, the authorities assert that the evidence to establish such use or sale must be strong, clear and convincing; that is, it must be established beyond a reasonable doubt.

Two issues are presented by this motion (1) was the Leibing dispenser in public use or on sale in this country for more than two years before November

17, 1932; and (2) if so, what was the legal effect of said device upon the patent sued on.

■ All of the witnesses, including Leibing, were employees or former employees of the Lyons-Magnus Company. The inventor Leibing testified, in addition to other matters, as to the construction and operation of the CF 112 Lyons-Magnus dispenser, which he had developed. All of these witnesses were subjected to cross-examination by the plaintiff. Such cross-examination elicited no contradictory statements from these witnesses and the plaintiff makes no attack upon their credibility as witnesses. Moore's, Fed.Prac., Vol. 6, pages 2141–2142. It is true that oral testimony alone in the absence of models, drawings, or kindred evidence, particularly after a lapse of years demands close scrutiny.

■ In connection with the testimony of these witnesses, several documents were submitted and identified by them as House Service organs published and distributed by the Lyons-Magnus Company. The authenticity of these brochures is admitted, objections being made only as to their materiality and relevancy and that the proof does not establish the time of their publication and distribution. One of these exhibits, Exhibit 8, was attached to Leibing's application for a design patent on the dispenser which was filed May 9, 1930 and granted August 5, 1930. Exhibits 6 and 8 contain a detailed drawing of the CF 112 Lyons-Magnus dispenser, developed by Leibing, with explanatory material and identification of parts.

The plaintiff has presented no opposing evidence. It is the plaintiff's position that the evidence submitted by defendants fails to establish that the CF 112 Lyons-Magnus cup dispenser was manufactured in the type and structure shown by the literature and testimony, that the evidence fails to establish the date of manufacture of said dispenser

or that it was mechanically refrigerated, and fails to show a public use or sale before November 17, 1930; that the evidence shows only that the CF 112 Lyons-Magnus dispenser was an unsuccessful experiment and abandoned in 1931.

The court is of the opinion the testimony of the witnesses presents no controversy on any genuine issue of material fact which must be decided. The testimony establishes without contradiction that there was a manufacture, prior use, offer for sale and sale of the CF 112 Lyons-Magnus dispenser for more than two years before November 17, 1932; that the printed publications of the Lyons-Magnus Company's House Service organ, including Exhibits 6 and 8, were designed for distributors and salesmen, gave prices of the dispenser, were printed by a printer who was furnished a mailing list of the different distributors for Lyons-Magnus products throughout the territory, that the printer was instructed to mail said magazine to these distributors, and that they were so distributed; and the evidence shows that a printed publication was so distributed during a period more than two years prior to November 17, 1932 which included a disclosure and a description of the CF 112 Lyons-Magnus dispenser developed by Leibing.

The question of the legal effect of the CF 112 Lyons-Magnus dispenser upon the validity of the plaintiff's patent must now be considered. The CF 112 Lyons-Magnus dispenser provides a precooler for water to be carbonated, a refrigerated combination carbonator and storage tank, a syrup tank, within the refrigerated zone, a source of plain water intermittently supplied to the carbonator by a motor driven water pump, a supply of carbon-dioxide gas under high pressure having a standard reducing valve between it and the carbonator, and a faucet for withdrawing cold carbonated water or water and syrup from the dispenser. The Westinghouse machine and the Coca-Cola machine use the elements

set forth above in their cup dispensers. Since these same elements appear in the disclosures of the Magee patent in suit, the court concludes that the invention therein was anticipated by the prior use and sale of the CF 112 Lyons-Magnus dispenser within a period of more than two years before November 17, 1932.

The defendants motion for summary judgment should be granted on the ground that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law.

An order has this day been entered granting the defendants motion for summary judgment.