**VERMONT STRUCTURAL SLATE CO., Inc., Plaintiff,**

v.

**TATKO BROTHERS SLATE CO., Inc., Defendant.**

**Civ. A. No. 5587.**

United States District Court
N. D. New York.

Sept. 16, 1955.

Whalen, McNamee, Creble & Nichols, Albany, N. Y., for plaintiff, David S. Williams, Albany, N. Y., and John C. Blair, Stamford, Conn., of counsel.

James F. Sennett, Granville, N. Y., for defendant, Maxwell E. Sparrow, New York City, of counsel.

FOLEY, District Judge.

The motion is one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The suit upon which the motion is based seeks judgment declaring that a certain patent No. 2,693,926, held by John Tatko as inventor, and issued to the defendant as his assignee, is invalid. The rareness of such application for summary judgment in a patent case, together with the continued warnings of the Court of Appeals, Second Circuit, that even in the ordinary lawsuit summary disposition should only be exercised with great care, constitutes a combination that has made my approach one of extreme consideration and caution. See Doehler Metal Furniture Co., Inc., v. United States, 2 Cir., 149 F.2d 130, 135; Arnstein v. Porter, 2 Cir., 154 F.2d 464, also interesting dissent by Judge Clark at page 475; Bozant v. Bank of New York, 2 Cir., 156 F.2d 787, 790; Colby v. Klune, 2 Cir., 178 F.2d 872; Federal Glass Co. v. Loshin, 2 Cir., 217 F.2d 936, 937; Subin v. Goldsmith, 2 Cir., 224 F.2d 753. Other Circuit Courts of Appeal have upheld summary judgment in patent cases for lack of invention. Park-in-Theatres, Inc., v. Perkins, 9 Cir., 190 F.2d 137; Davison Chemical Corporation v. Joliet Chemicals, Inc., 7 Cir., 179 F.2d 793, and despite the noted aversion of the Second Circuit to the summary judgment procedure, it has been indicated that this procedure may be justified under proper circumstances even in a patent suit. Bridgeport Brass Co. v. Bostwick Laboratories, Inc., 2 Cir., 181 F.2d 315, 316, 319. I give this review to indicate that I am cognizant of the principle and policy of the law in this respect established by the higher authority which bonds me, and which I shall aways respect and follow to the best of my understanding. My conclusion in this motion may seem to intrude "where angels fear to tread", but it is based solely upon my best judgment and is not formulated to any extent as a time-saving device.

The patent involved in this motion and lawsuit is one of unbelievable simplicity. This statement finds the most support in the fact that I was able to comprehend with some ease the nature, purpose and function of its design from a reading of the patent, the descriptions in the pleadings and affidavits, an inspection of the photographs and a view of the physical exhibits that were demonstrated by the defendant upon the argument of the motion. The wording of the patent has the usual detail in its body, and the magical setting of words in its three claims, but any complexity vanishes when the object comes into focus.

The patent under challenge covers a pallet or platform usually wooden in character, particularly for the holding, transportation and/or storage of slate slabs that are fashioned from the slate rock taken from a quarry. The Tatko pallet, in the usual rectangular shape, consists of two spaced horizontal platforms of wooden boards. The top platform consists of boards of varying lengths, and this arrangement, when coupled with pairs of transverse stringers (apparently 2 by 4's) in the open space between the platforms at each end, creates end pockets in the pallet. It is these end pockets into which stone or slate end pieces may be inserted vertically to support and hold slate or stone stacked vertically on the

pallet itself, which the defendant stresses as inventive contribution. Good photographs of the Tatko pallet with the slate slabs stacked vertically and supported by the end piece slabs in the pockets are shown in defendant's Exhibits 8, 9 and 10, attached to the defendant's answering affidavits in this motion. A photograph, defendant's Exhibit 11, now received in evidence, shows very clearly the old pallets used in the slate business with the slabs loaded horizontally without any support from vertical end pieces.

There seems to be little dispute that this new arrangement of boards and stringers brought an advancement in utility, safety and economy to the slate industry. It allows a more secure handling of the slate and stone when it is being lifted and transported. It may be that less labor is needed in such efforts and the vertical piling permits stacking of the slabs as to color on the pallets which is desirable to purchasers. All these endorsements are set forth in the answering affidavits of the defendant and I accept them fully as to the usefulness of the Tatko pallet. It is this claim of commercial success that defendant relies upon as a material issue of fact to defeat this motion. This attribute of utility is further advanced by the adaptation of a most similar pallet by the plaintiff in its large slate business to the Tatko idea. (Defendant's Exhibits Photographs 1–5, attached to answer and counterclaim of defendant).

■■ Despite the acceptance of commercial success, the prime question of invention still remains. Such success is not sufficient to fill the void or make patentability where invention is lacking. Great Atlantic & Pacific Tea Company v. Supermarket Equipment Corporation, 340 U.S. 147, 153, 71 S.Ct. 127, 95 L.Ed. 162; Wabash Corporation v. Ross Electric Corporation, 2 Cir., 187 F.2d 577, 585, certiorari denied 342 U.S. 820, 72 S.Ct. 38, 96 L.Ed. 620. Applying this limitation of commercial success there is little support I can find in the record now made or in the Tatko patent that would accord it the high standards of "in-

ventive genius", patentable novelty, and more ingenuity than the work of a mechanic skilled in the art. Hotchkiss v. M. Greenwood & Co., 11 How. 248, 267, 13 L.Ed. 683; Cuno Engineering Corporation v. Automatic Devices Corporation, 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58; Great Atlantic & Pacific Tea Company v. Supermarket Equipment Corporation, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 27 L.Ed. 438; Foxboro Company v. Taylor Instrument Company, 2 Cir., 157 F.2d 226, 234, certiorari denied 329 U.S. 800, 67 S.Ct. 494, 91 L.Ed. 684; Paramount Industries v. Solar Products Corporation, 2 Cir., 186 F.2d 999, 1000–1001. Of course, such conclusion is "to a large extent personal, and in that sense arbitrary", but to me it is inescapable. Kirsch Manufacturing Co. v. Gould Mersereau Co., Inc., 2 Cir., 6 F.2d 793, 794.

■ The double platform for the insertion of a lift fork is old. (Cruickshank No. 2,297,347). The use of end supports on a pallet to secure the load is demonstrated in Lilienfeld No. 2,471,-693, a previous patent to Tatko. The use of movable stakes to hold material in place on a platform comes from Buckley No. 2,539,809. Along the same line of adaptation there comes to my mind the removable stakes which are so common over many years on the floor platform of open-bodied trucks which are inserted in slots along the edges of the truck floor or at the tail gates, and can easily be rearranged or removed whenever desired to load, unload or secure the material while the truck is moving. As the plaintiff urges, the most the inventor seems to have here is a "good idea", a workmanlike rearrangement of old elements that enhanced utility without invention beyond the prior art. Paramount Industries v. Solar Products Corporation, supra.

To be practical, there seems to be enough before the court now to decide the issue without further presentation at a trial. The problem of invention here seems to fit perfectly within the well-

stated reasoning that "it is essentially one of applying legal standards to circumstances adequately before the court". It is also, in my judgment, clearly the situation "where there can be little doubt what the patent claims and factual presentation is not necessary to illuminate the alleged invention". Park-in-Theatres v. Perkins, supra, 190 F.2d at page 142.

Under established judicial standards, the Tatko patent does not attain the stature necessary for invention in the patent sense. In my judgment, there is no genuine issue as to the material fact of invention that necessitates trial, and upon the pleadings, exhibits and affidavits before the court, summary judgment may enter for the plaintiff as a matter of law, that the Tatko patent is invalid and void for lack of invention.