Marie MAGEE and Donald F. Guilliams, Plaintiffs-Appellants,

v.

The COCA-COLA COMPANY, Coca-Cola Bottling Co. of Chicago, Inc. and Chicago Concessions, Inc., Defendants-Appellees.

No. 11420.

United States Court of Appeals
Seventh Circuit.

April 5, 1956.

Rehearing Denied May 16, 1956.

Warren C. Horton, Chicago, Ill., for plaintiffs-appellants.

Will Freeman, Chicago, Ill., W. M. Van Sciver, Bair, Freeman & Molinare, Chicago, Ill., Pope F. Brock, K. Wilson Corder, Atlanta, Ga., of counsel, for defendants-appellees.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiffs, averring that they are the owners of the patent in suit, brought suit against defendants in the District Court for infringement of claims 3, 4, 5, 8, 9 and 10 of patent 2,103,479, issued to William Magee on December 28, 1937. Claim 3, which we think typical, is as follows: "In combination, a household refrigerator having a food compartment and a refrigerating unit including a motor, a carbonator mounted in said food compartment and having a discharge spigot therein, a pump to supply water to said carbonator under substantial pressure, and a water coil of substantial capacity in said food compartment, means for supplying carbon dioxide gas to said carbonator, a valve in said carbonator controlling the admission of carbon dioxide gas, and means for controlling said spigot and said valve and said motor whereby said spigot is caused to discharge cold carbonated water."

After taking certain depositions, defendants moved for summary judgment declaring the patent invalid, averring that the undisputed evidence showed that beverage dispensers known, used, offered for sale and sold more than two years prior to the filing date, November 17, 1932, disclosed everything that Magee suggested, and that the patent was invalid also in view of the documentary evidence consisting of a brochure of Ly-ons-Magnus, Inc., a copy of abandoned U. S. patent application number 351,763, April 1, 1929, of Liebing, house organs of the spring and summer issues of 1929, and the catalogues of 112–CF dispensers, contending that this evidence disclosed beyond peradventure all that Magee taught, more than two years prior to his filing date.

The court allowed the motion and entered the judgment. It found that the testimony reflected no controversy on any genuine issue of material fact, but established, without contradiction, that there was manufacture, prior use, offer for sale and sale of the 112–CF Lyons-Magnus dispenser for more than two years prior to November 17, 1932; that the printed publications of that company, designed for distributors and salesmen, quoting prices, were sent to distributors for Lyons-Magnus products more than two years prior to November 17, 1932, and that they included a full disclosure and description of the 112–CF Lyons-Magnus dispenser developed by Liebing. The court found further, that though the witnesses produced by defendants had been subjected to cross-examination by plaintiffs, such cross-examination had elicited no contradictory statements from them; that plaintiffs had made no attack upon their credibility; that the authenticity of the booklets was admitted; that objections only as to materiality and relevancy had been interposed; that plaintiffs had presented no opposing evidence, and that no genuine question of fact was involved. The opinion of Judge La Buy is reported in D.C., 17 F. R.D. 10. Inasmuch as the only evidence introduced was that of defendants our inquiry is limited to a determination of whether that evidence presented any genuine issue of fact.

It is obvious from the claim quoted and the others in suit, and from the specifications of the patent, that Magee claimed to have invented a "household carbonator." This, he said, consisted of a refrigerator and water carbonator, in combination, driven by a single motor and a water pump supplying the carbon-

ator with water pressure. It is obvious from the record that Magee asserted novelty and invention in a combination of known elements. Thus, it is admitted that it was common knowledge, long before the application of the patent in suit was filed, that water and carbon dioxide gas ($CO_2$), could be mixed to provide carbonated water, known as "charged water" or "soda water"; that carbonation consists merely of mixing the gas with the water to such an extent as to give the water a tang, which, when mixed with flavoring syrup, prevents a flat unpalatable taste. Consequently, there was nothing new in the suggestion of carbonation; the process and the means were old. It was also known, as Magee recognized, that carbonation is more effectively brought about by a high pressure and a low temperature of the water, for the reason that the higher the pressure and the lower the temperature, the more facile is the absorption of gas. It is clear also that, prior to the appearance of reliable mechanical refrigerators in the 20's, ice was generally used to cool water. Magee substituted the refrigerating element employed in mechanical refrigerators. This, of course, was not new with him.

In other words, it is undisputed that Magee was not the first to teach that absorption of the gas by water would be increased if the temperature of the water was kept relatively low, or the first to teach the use of electrically operated mechanical refrigerators or carbonators. Apparently, what he did was to combine old elements, including a particular type of carbonator and an electrically operated mechanical household refrigerator, employing well known principles of carbonation and refrigeration. It is further obvious that neither the refrigerator nor the carbonator performed any new or different function, but, indeed, that the combination employed only old elements, merely aggregating them in the one machine, which, when completed, failed to produce any new results, by cooperation, co-action or any other new or different function.

Only this conclusion is supported by the undisputed evidence. The testimony of witnesses showed that the 112–CF dispensers of the prior art contained an insulated chamber within which was placed a "frigidaire" mechanical chilling unit, which was supplied with liquid refrigerant from which vapor was drawn by a compressor driven by a motor. The device was provided with temperature controls. The motor and compressor were placed outside the refrigerating chamber. Water from a city water line was delivered by pipe to a pump by the power of a motor and, subjected to pressure, delivered to a coiled tube disposed within the cold water in the chamber in order to pre-cool the water prior to its entering a built-in mechanical refrigerated storage type carbonator which mixed the gas and the water coming from outside the refrigerated chamber. The placement and arrangement of the various elements appear to be somewhat different from those prescribed by Magee, but there is no evidence that the differences amounted in any way to invention. The evidence indicates, rather, that they represent merely the different choices of different skilled workmen. Plaintiffs assert in this connection that the fact that the 112–CF dispensers made use of fruit juices stored outside the refrigerated zone resulted in a fatal defect, which the patentee avoided by placing the syrup inside the refrigerator. We think it obvious that it was not invention to move the fruit juices from the outside to the interior of the refrigerator the better to preserve them.

The manufacturer of the 112–CF dispenser, in its industrial literature, insisted that too much stress could not be placed on the desirability of serving at all times a perfectly carbonated drink at just the right cold temperature and that its carbonator provided a continuous supply of thoroughly mixed carbonated water at 60 pounds pressure and 40 degrees temperature. The brochures in evidence are to the same effect. Thus, the one filed in the patent office by Liebing contains a cross-section view of a

structure corresponding substantially to that of Magee. The Magnus Fruit Products Company, predecessor of Lyons-Magnus, Inc., published various booklets and advertisements which contained descriptions of a combined refrigerator and carbonator, with a detached motor and pump unit, and an offer for sale, the heading of which was "The new dispenser is sold on easy terms." This advertisement appeared apparently prior to May, 1929. Another dated "Spring Issue 1929" discloses the same cross-section as that appearing in the Liebing application. Another dated "Summertime Issue 1929", says that its 112–CF dispenser combines all in one a "beverage dispenser, a refrigerator cooling unit and an automatic carbonator." Other literature to the same effect was introduced. Furthermore, all these publications, as well as the offers for sale, were issued at dates more than two years prior to the filing of Magee's application.

■■ We see no escape from the District Court's finding that, inasmuch as plaintiffs offered no controverting evidence, that introduced by defendants left no genuine issue of fact to be resolved in a trial. Consequently, a summary judgment in pursuance of Rule 56 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., was applicable. Of course, if a patent is invalid on its face, judgment to that effect is proper. This was true even before Rule 56(c) was promulgated. Richards v. Chase Elevator Co., 158 U.S. 299, 15 S.Ct. 831, 39 L.Ed. 991. We had occasion to pass upon the propriety of summary judgment in Davison Chemical Corp. v. Joliet Chemicals, Inc., 7 Cir., 179 F.2d 793, certiorari denied 340 U.S. 816, 71 S.Ct. 45, 95 L.Ed. 599, where, after pointing out there were in the record in that case certain depositions, affidavits and the file wrapper, all uncontradicted, from which it appeared that everything was old except what the patentee claimed to have invented, we held that the claim of invention was, on the undisputed evidence, not sustained. Finding no genuine issue of fact, we affirmed the District Court's summary judgment. See also DeVry Corporation v. Acme Motion Picture Projector Co., 7 Cir., 262 F. 970; Bronk v. Charles H. Scott Co., 7 Cir., 211 F. 338, and Steigleder v. Eberhard Faber Pencil Co., 1 Cir., 176 F.2d 604, certiorari denied 338 U.S. 893, 70 S.Ct. 244, 94 L.Ed. 548. In Dyer v. MacDougall, 2 Cir., 201 F.2d 265, at page 268 the court said: "* * * therefore, if the defendants on the motion succeeded in proving that the plaintiff would not have enough evidence to go to the jury on the issue, the judgment was right." We approve of the language of the same court in the same case 201 F.2d at page 269, as follows: "Nevertheless, although it is therefore true that in strict theory a party having the affirmative might succeed in convincing a jury of the truth of his allegations in spite of the fact that all the witnesses denied them, we think it plain that a verdict would nevertheless have to be directed against him."

Plaintiffs rely on our decision in Hazeltine Research Co. v. General Electric Co., 7 Cir., 183 F.2d 3. It should be observed, however, that in that case we thought a summary judgment improper in view of controverted involved technical evidence. We find no equivalent situation in the present case; it involves only the union of old elements in a refrigerated carbonator employing well known principles. Other cases cited by plaintiffs in this connection, we think, are not applicable, because of the difference in the facts involved.

In their search for a genuine issue of fact plaintiffs seem to rely upon their cross-examination of defendants' witnesses. We do not find in this cross-examination, however, any evidence supporting the contention that there was a genuine dispute of fact. Rather the undisputed evidence justifies no conclusion other than that of the trial court.

■■ As to the legal effect of the disclosures made more than two years prior to the filing of the application, the District Court held that, inasmuch as the 112–CF dispenser provided a cooler for the water to be carbonated, an electrical-

ly operated refrigerator, a combination carbonator and storage tank, a syrup tank, a source of plain water supply to the carbonator by a water pump, a supply of carbon dioxide gas under high pressure having a reducing valve between it and the carbonator, and a faucet for withdrawing cold carbonated water or water and syrup from the dispenser, all appearing in the disclosure of the Magee patent, it follows that his alleged invention was anticipated by the prior use, sale and offer of sale of dispensers more than two years prior to his filing date, November 17, 1932. The applicable statute, R.S. § 4886, as amended, 46 Stat. 376,[1] provides that any person who has invented a new and useful article not known or used by others before the discovery of the applicant and not patented or described in any printed publication before the alleged invention for more than two years prior to the application, and not in public use or on sale for more than two years prior to the application, may obtain a patent. The evidence shows unquestionably that the Magnus Fruit Products Company and its successor, Lyons-Magnus, Inc., had knowledge of, manufactured and offered for sale, sold, publicized and placed in use the model 112–CF dispensers more than two years prior to the filing date of the Magee patent. There is no evidence to the contrary. The machines then being manufactured were fully described in the literature in evidence; witnesses testified that 15 or 20 units were sold to an agency in New York; that the Chism Ice Cream Company of Reno, Nevada, listed as a distributor, bought many of them; that distributors actually shipped them to ships of the U. S. Navy; that the dispenser was operated by one Simon personally in 1929, and that an offer to sell the device was made to Woolworth and Co. Nothing in contradiction thereof was offered by the plaintiffs. The dates upon which the articles were offered for sale, when they were advertised, when they were manufactured, were clearly more than two years prior to the filing of the application. The facts are within our decision in Wende v. Horine, 7 Cir., 225 F. 501, 505, where we said: "The statute does not require a 'sale,' but only a placing 'on sale,' prior to two years before the application. Under this language a completed sale, either with or without delivery, is not demanded; an offer to sell, made to a prospective purchaser after the experimental stage has been passed, the invention reduced to practice, and the apparatus manufactured in its perfected form, is placing on sale within the statute."

Plaintiffs insist that there are no cases deciding that a public use or sale by a third party prior to the filing of the application is sufficient to support the judgment. However, it should be observed that the statute makes no distinction between a public use or sale by the inventor or by a third party for the purposes of setting up the statutory bar.

It may well be that the specific type of carbonator which Magee placed in his household refrigerator differed from other carbonators. But if this be any basis for a claim of invention by Magee, it is likewise undisputed and clear from the evidence that the alleged infringing advice does not employ the same type of carbonator.

The decision herein has been delayed because of disagreement as to its proper disposition. The writing of the opinion was eventually assigned to the writer on March 13, 1956.

The District Court correctly entered summary judgment, which is

Affirmed.

FINNEGAN, Circuit Judge (dissenting).

The short of the matter is that we have a complex array and welter of evidence before us quite unlike the situation described in our earlier opinion reported as Davison Chemical Corp. v. Joliet Chemicals, 7 Cir., 1950, 179 F.2d 793 relied on by defendants. Rule 56(c), Fed. R.Civ.Proc., 28 U.S.C.A., requires that

I. Now 35 U.S.C.A. §§ 101, 102.

"* * * judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits * * * show that there is no genuine issue as to *any* material fact and that the moving party is entitled to a judgment as a matter of law." A summary judgment proceeding is a search, not a trial, nor a substitute for one. It is a search to determine whether genuine issues exist as to material facts. Hurd v. Sheffield Steel Corp., 8 Cir., 1950, 181 F.2d 269, 271; Dewey v. Clark, 1950, 86 U.S.App.D.C. 137, 180 F.2d 766, 772. As I read some of the affidavits submitted by defendants, there appears to be a dispute among various deponents concerning aspects of the 112–CF device, which was not produced in the court below. I am aware that defendants relied upon twin defenses grounded upon statutory bars. Yet I think that, for example, defendants cut ground from under themselves, and demonstrate the existence of factual questions lurking in this record when they state (their brief, p. 2) *inter alia:*

"The fact that there are publications showing the prior Model 112–CF Dispenser is important because, whether there was ever such a dispenser built, used, sold or not, makes no difference, if the publications show the essential features of the dispensers involved herein, which they unquestionably do."

But I am satisfied, after studying the exhibits and record, that the district judge erred in summarily trying factual issues stemming from that very situation suggested by the defendant. Indeed, the court below commented: "It is true that oral testimony alone in the absence of models, drawings, or kindred evidence, particularly after a lapse of years demands close scrutiny." Magee v. Coca-Cola Co., D.C.Ill.1955, 17 F.R.D. 10, 12. Cf. Campana Corp. v. Harrison, 7 Cir., 1943, 135 F.2d 334.

In my view the grounds asserted by defendant and on which they rely to invalidate plaintiffs' patent must be taken and considered as denied by the plaintiff under Rule 8(d), Fed.R.Civ.Proc., 28 U. S.C.A. See: Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 1951, 189 F.2d 213.

Without intimating any conclusion on the merits, I would reverse the judgment appealed, and remand the cause to the District Court with directions to deny defendants' motion for summary judgment.