680 F.2d 605
 216 U.S.P.Q. 597
 CONTINUOUS CURVE CONTACT LENSES, INC., a California
corporation, Appellee,
v.
RYNCO SCIENTIFIC CORPORATION, Appellant.
DANKER AND WOHLK, INC., a corporation, Appellee,
v.
RYNCO SCIENTIFIC CORPORATION, a corporation, Appellant.
 Nos. 80-5864, 80-5906.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 4, 1982.
Decided June 29, 1982.
 
 Lewis Anten, Lewis Anten, a Professional Corp., Encino, Cal., for rynco corp.
 James W. Geriak, Lyon & Lyon, Los Angeles, Cal., for Contact Lenses.
 Richard A. Wallen, Harris, Kern, Wallen & Tinsley, Los Angeles, Cal., for Danker & Wohlk.
 Appeal from the United States District Court for the Central District of California.
 Before CHOY, GOODWIN and FARRIS, Circuit Judges.
 GOODWIN, Circuit Judge.
 
 
 1
 Plaintiffs, who were Rynco's competitors, sued to have Rynco's plastic contact lens patent declared void, claiming the patent had been anticipated by an article in a contact lens journal. Rynco counter-claimed for patent infringement. Rynco appeals a summary judgment for the plaintiffs.
 
 
 2
 Rynco Scientific Corporation holds United States Patent No. 3,900,250 ('250) which protects the invention of a contact lens made out of clear cellulose acetate butyrate (c. a. b.). The patented contact lens was a breakthrough in optometry because it was the first contact lens that allowed the eye to "breathe" by permitting oxygen to reach the eye while carbon dioxide escaped. Ten years before Rynco patented the c. a. b. lens, Contacto, a contact lens journal, published an article by Homer Hamm entitled "Plastic Used in Contact Lenses" in which c. a. b. was mentioned as one of many plastics that might be suitable as contact lens material.
 
 
 3
 After copying the Rynco patented lens, two of Rynco's competitors, Continuous Curve Contact Lenses and Danker & Wohlk, challenged the Rynco patent in separate actions, charging that the Hamm article had anticipated the '250 patent. Rynco filed counter-claims for patent infringement, the cases were consolidated, and the plaintiffs moved for summary judgment.
 
 
 4
 (1) Summary judgment
 
 
 5
 This Circuit has been particularly unsympathetic to summary judgments in patent cases. As Judge Chambers in Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, (9th Cir. 1980), wrote: "Patent claims are ones in which issues of fact often dominate the scene and summary judgment is allowed only with 'great caution.' ... Summary judgment is clearly the exception and not the rule in patent infringement cases...." Id. at 982. See also Ashcroft v. Paper Mate Mfg. Company, 434 F.2d 910 (9th Cir. 1970); Groen v. General Foods Corporation, 402 F.2d 708, 709-10 (9th Cir. 1968); Hycon Manufacturing Company v. Koch & Sons, 219 F.2d 353 (9th Cir. 1955), cert. denied, 349 U.S. 953, 75 S.Ct. 881, 99 L.Ed. 1278 (1953).
 
 
 6
 Anticipation, the basis of plaintiffs' challenge of '250 is a factual issue. Inglett & Company v. Everglades Fertilizer Company, 255 F.2d 342, 345 (5th Cir. 1958).
 
 
 7
 The general rule disfavoring summary judgment does not apply, however, if "(t)he prior art and the patent claims are, without expert aid, easily understandable by anyone of modest intelligence." Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9 (2nd Cir.), cert. denied, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123 (1956). See also George P. Converse & Co. v. Polaroid Corporation, 242 F.2d 116 (1st Cir. 1957); Magee v. Coca-Cola Company, 232 F.2d 596 (7th Cir. 1956); Syracuse v. Paris, 234 F.2d 65 (9th Cir. 1956); Bobertz v. General Motors Corporation, 228 F.2d 94 (6th Cir. 1955), cert. denied, 352 U.S. 824, 77 S.Ct. 32, 1 L.Ed.2d 47 (1956).
 
 
 8
 Although the alleged anticipatory art and patent in the instant case are separately understandable by intelligent laymen, whether the article anticipated the invention patented by '250 is not clear. A fact-finder unskilled in the art of contact lens making could not decide, without expert testimony, whether the general discussion of plastics in the article was capable of stimulating a person skilled in the art to produce a contact lens out of c. a. b. Because of its lack of detail, the article would not have communicated the idea of a c. a. b. lens to a layman. Because testimony is needed, this case does not fall under the exception to the rule that anticipation, as a factual issue, should not be decided on summary judgment.
 
 
 9
 (2) Adopted findings
 
 
 10
 This court examines findings prepared by the prevailing party with special scrutiny. Norris Industries, Inc. v. Tappan Co., 599 F.2d 908, 909 (9th Cir. 1979); Zweig v. Hearst Corp., 594 F.2d 1261, 1263-4, n.2 (9th Cir. 1979); Photo Electronics Corp. v. England, 581 F.2d 772, 777 (9th Cir. 1978); Ceco Corp. v. Bliss & Laughlin Industries, Inc., 557 F.2d 687, 689 (9th Cir. 1977); Burgess & Associates, Inc. v. Klingensmith, 487 F.2d 321, 324-35 (9th Cir. 1973).
 
 
 11
 In a highly technical case the court obviously can call upon counsel for assistance in drafting findings. Such findings, without argumentative language, presumably will deal with the complicated technical terms in a clear and accurate manner. See e.g., Photo Electronics v. England, supra, 581 F.2d at 777. The instant case, however, was not highly technical. Plaintiffs claimed that a magazine article about plastics in general which contained little, if any, scientific detail anticipated Rynco's patent. Expert testimony was needed to determine the reaction to the alleged anticipation by a person skilled in the art. Accordingly, the court should not before trial,[1] adopt the plaintiffs' proposed findings.
 
 
 12
 (3) Anticipation
 
 
 13
 A complaining party, in order to overcome the presumed validity of a patent on the ground of anticipation, must establish that the subject matter of the patent was known or used by others. 35 U.S.C. § 102.
 
 
 14
 The Hamm article made only an isolated statement that, because of its general nature, arguably would not have enabled either a person skilled in the art or a person of ordinary skill to produce the subject matter of the '250 Patent.
 
 
 15
 A comparison of the article and the patent reveals no direct connection between the two. The '250 Patent mentions the numerous characteristics of c. a. b. which make it suitable material for contact lenses. The Hamm article, which mentions c. a. b. once and does so only in a general list of many different kinds of plastics, discusses the characteristics needed for a lens rather than a matching of these characteristics with those of c. a. b.
 
 
 16
 Two of the characteristics Hamm thought needed by contact lens material are not, in fact, possessed by c. a. b. According to Hamm, a plastic lens should be impervious to scratching and should be invulnerable to changing form if left in the glove compartment of a car on a hot summer day. C.a.b. can be scratched and cannot withstand excessively high temperatures.
 
 
 17
 Rynco has submitted the affidavits of several experts in the field of contact lenses, each of whom say they would not have gleaned the idea of the '250 Patent from the Hamm article. The plaintiffs, on the other hand, submitted no expert evidence on that point. During the ten years which elapsed between the publication of the Hamm article and the Rynco patent, the plastic lens industry was actively looking for a lens plastic. The plaintiffs fail to answer convincingly why, if the Hamm article clearly designated c. a. b. as a suitable plastic, no one in the industry took advantage of this knowledge. The question was inappropriate for summary disposition.
 
 
 18
 Plaintiffs also argue that Patent '250 is open to challenge because it attempts to patent the production of all contact lenses made of plastic. This assertion is both factually and scientifically untenable. The patent covers only contact lenses made of c. a. b., which is but one of hundreds of cellulose compounds and which makes up only a small percentage of all plastics. See Harper, Handbook of Plastics and Elastomers, 1-30 to 1-33. Because cellulose is a general term and not a precise formulation, other cellulose compounds exist, such as cellulose propineate and cellulose acetate butanoate, which are also well suited to contact lens use. See, e.g., Roff and Scott, Fibers, Films, Plastics and Rubbers 157; Byrdson, Plastics Materials 367, 79 Chemistry Abstracts 638b. The Hamm article, on which the alleged anticipation is based, in fact, bears this out; c. a. b. is mentioned as only one of many suitable plastics. Therefore, Patent '250 is not unduly broad.
 
 
 19
 Reversed and remanded.
 
 
 
 [1]
 When the facts are so clear from the pleadings and related papers that summary judgment is appropriate, the local rule in the Central District which requires "findings" to accompany summary judgment motions may be redundant. See Rule 3.14, Local Rules of Practice for United States District Court of California